**John ANGELO and Kimberly Angelo, Plaintiffs–Appellants,**

v.

**CITY OF HAZELWOOD, Defendant–Respondent.**

**No. 59117.**

Missouri Court of Appeals, Eastern District, Division Five.

June 11, 1991.

Anthony J. Coultas, St. Louis, for plaintiffs-appellants.

Harlan G. Dolgin, Clayton, for defendant-respondent.

CRANDALL, Chief Judge.

Plaintiffs, John and Kimberly Angelo, appeal from the trial court's judgment sustaining a motion for judgment on the pleadings in favor of defendant, City of Hazelwood. We affirm.

■ The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *Madison Block Pharmacy v. U.S. Fidelity*, 620 S.W.2d 343, 345 (Mo. banc 1981). "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law." *Id.* (quoting *Cantor v. Union Mutual Life Insurance Company*, 547 S.W.2d 220, 224 (Mo.App. 1977)). A motion for judgment on the pleadings should not be sustained where a material issue of fact exists. *Madison Block*, 620 S.W.2d at 345. A motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Id.*

■ Within this framework, we review the allegations in plaintiffs' petition. Plaintiffs were residents of the City of Hazelwood (City), a municipal corporation. City entered plaintiffs' property without permission and cut down two trees which were not within the City's easement. Plaintiffs valued the loss of the trees at $3,186.00. The prayer sought $9,558.00 in damages, which were the actual damages trebled as provided in Section 537.340, RSMo (1986).

City filed its answer, raising three defenses: its sovereign immunity; its exemption from liability for punitive damages; and the location of the trees on a public utility easement. City subsequently filed a motion for judgment on the pleadings pursuant to Rule 55.27(b). The trial court granted judgment in favor of City, dismissing plaintiffs' action with prejudice, on the basis both of City's sovereign immunity and of its immunity from liability for punitive damages.

Section 537.340 provides in pertinent part:

If any person shall cut down, injure or destroy or carry away any tree placed or growing for use, shade or ornament, ... in which he has no interest or right, standing, lying or being on land not his own, the person so offending shall pay to the party injured treble the value of the things so injured, broken, destroyed or carried away, with costs.

In *Hunt v. City of Boonville*, 65 Mo. 620 (Mo.1877), the Missouri Supreme Court held that although a municipal corporation could be liable for actual damages resulting from trespass, it could not be held liable for treble damages under the precursor of Section 537.340. Citing *Hunt* with approval, *Chappell v. City of Springfield*, 423 S.W.2d 810, 813 (Mo.1968) reiterated the general rule that in the absence of a statute specifically authorizing such recovery, punitive damages are not recoverable against a municipal corporation.

In the instant action, plaintiffs' cause of action against City was based solely on Section 537.340. As indicated by the cases above, City cannot be liable under that statute for treble damages for the cutting down of plaintiffs' trees because the law precludes the recovery of any punitive damages against City. We do not reach the issue of whether plaintiffs would be entitled to recover actual damages from City in a common law trespass action because plaintiffs only pleaded their cause of action under the statute. The trial court did not err in sustaining City's motion for judgment on the pleadings. Plaintiffs' point on appeal is denied.

The judgment is affirmed.

SIMON and REINHARD, JJ., concur.