**EASY RETURNS MIDWEST, INC.,**
**Plaintiff/Respondent,**

v.

**Michael SCHULTZ and Pharmaceutical Return Services, Defendants/Appellants.**

**No. 71747.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 27, 1998.

Motion for Transfer to Supreme
Court Denied March 11, 1998.

---

Grant C. Gorman, Chesterfield, for defendants/appellants.

Michael A. Becker, Philip C. Graham, St. Louis, for plaintiff/respondent.

CRANE, Presiding Judge.

Defendants appeal from the trial court's entry of summary judgment enjoining them for a ten-month period from competing with plaintiff in the pharmaceutical distribution and return business in twenty-four states and the District of Columbia and ordering them to pay $16,400.00 in damages and the costs of the action, including $2,000.00 in attorney's fees. Defendants contend that the noncompetition clause in the employment agreement is not reasonable and, therefore, unenforceable and that summary judgment was inappropriate because material fact issues remain in dispute. We reverse and remand on the grounds that the facts set out or incorporated in the motion for summary judgment were insufficient to show that plaintiff had a protectable interest in customer contacts in the geographic area claimed.

We recite the facts as set out in plaintiff's motion for summary judgment. Plaintiff, Easy Returns Midwest, Inc., is engaged in the pharmaceutical distribution and return business and has its principal place of business in St. Louis County, Missouri. Defendant Michael Schultz began employment with plaintiff on October 9, 1988 as a representative. His duties included contact with customers, development of new business for plaintiff, and learning certain confidential information and trade secrets. On the same day he began employment, Schultz entered into a covenant not to compete which provided:

For a period of thirty (30) months following the termination for any reason whatsoever of Representative's engagement with ER, whether such termination is voluntary or involuntary, with cause or without cause, with or without notice, as the case may be, Representative shall not in any manner whatsoever, directly and/or indirectly, either as an employee, owner, partner, join[t] venturer, agent, stockholder, director, officer, consultant, independent contractor or in any other capacity whatsoever, engage in the pharmaceutical return goods business within the states of: Missouri, Illinois, Iowa, Wisconsin, Indiana, Michigan, Kansas, Arkansas, Ohio, Massachusetts, Kentucky, Tennessee, New York, New Jersey, Pennsylvania, Connecticut, Florida, California, Georgia, Texas, Arizona, Colorado, Minnesota, North Carolina, Iowa, District of Columbia, and any other states which the parties may further agree to, Nevada[.]

On April 1, 1994 Schultz voluntarily left his position with plaintiff and formed defendant Pharmaceutical Return Services (PRS), a California corporation engaged in the pharmaceutical return business. Schultz took plaintiff's customer lists and other confidential and proprietary materials. PRS, through Schultz, has competed with plaintiff by soliciting clients serviced by Easy Returns in California and other areas of the western United States. Plaintiff has lost business in California and other states.

Plaintiff filed a five-count action against defendants alleging causes of action based on quantum meruit, conversion, breach of contract, and tortious interference with contract, in which it sought damages and injunctive relief. Defendants did not file an answer to plaintiff's original or amended petition. On May 23, 1995 the court issued a temporary restraining order against defendants enjoining them from further participating in the pharmaceutical distribution and return business in the states enumerated in the covenant. The court ordered a preliminary injunction on June 8, 1995, after a hearing in which Schultz testified. Plaintiff served a request for admissions on defendants in August, 1995 to which defendants did not timely respond.

Plaintiff then filed a motion for summary judgment in November, 1995. The motion was supported by the affidavit of plaintiff's president, David Mogil, a copy of the covenant, and plaintiff's request for admissions. Defendants filed an untimely response to plaintiff's motion for summary judgment, which did not conform to Rule 74.04(c)(2).

The trial court entered summary judgment in favor of plaintiff. The court subsequently entered a modified damage award because the judgment had erroneously awarded liquidated damages which were not in the contract. Defendants filed a timely notice of appeal from this judgment which became

final after the modified judgment was entered.

Both of defendants' points on appeal challenge the trial court's entry of summary judgment. When we consider an appeal from summary judgment, we review the record in a light most favorable to the party against whom the judgment was entered. *ITT Com. Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court in sustaining the motion originally. *Id.* Review is essentially de novo. *Id.* A response which fails to comply with the rules leaves the summary judgment motion unchallenged. However, even if uncontradicted, the facts alleged by the movant must still establish an entitlement to judgment as a matter of law in order for the court to grant the summary judgment motion. *E.O. Dorsch Electric Co. v. Plaza Construction Co.,* 413 S.W.2d 167, 170 (Mo.1967); *Hornbeck v. All American Indoor Sports, Inc.,* 898 S.W.2d 717, 720 (Mo.App.1995).

In their two points on appeal, defendants assert that the trial court erred in entering summary judgment because the covenant not to compete was unreasonable and unenforceable and material facts remain in dispute, thereby precluding plaintiff's recovery as a matter of law.[1] Specifically, defendants argue that the geographic area covered by the clause is too broad and that there were no facts to support plaintiff's claim that Schultz had frequent client contact or was in possession of trade secrets.

Generally, because covenants not to compete are considered to be restraints on trade, they are presumptively void and are enforceable only to the extent that they are demonstratively reasonable. *Orchard Container Corp. v. Orchard,* 601 S.W.2d 299, 303 (Mo.App.1980). An employer may only seek to protect certain narrowly defined and well-recognized interests, namely its trade secrets and its stock in customers. *Id.* The enforcing party must also show that the agreement is reasonable in scope, both as to place and as to time. *Osage Glass, Inc. v. Donovan,* 693 S.W.2d 71, 74 (Mo.1985); *Continental Research Corp. v. Scholz,* 595 S.W.2d 396, 400 (Mo.App.1980). The burden of demonstrating the covenant's validity is on the party seeking to enforce it. *Continental Research,* 595 S.W.2d at 400.

Plaintiff argues that it established a protectable interest in its customer contacts. Customer contacts derive from the influence an employee acquires over the employer's customers through personal contact. *Id.* The rationale for protecting "customer contacts" is that, in the sales industry, a customer's goodwill toward a company is often attached to the employer's individual sales representative, and the employer's product or service becomes associated in the customer's mind with that representative. *Id.* at 401. The sales employee is thus placed in a position to exert a special influence over the customer and entice that customer's business away from the employer. *Id.* "Because it is this special influence that justifies enforcement of non-compete covenants, the quality, frequency and duration of employee's exposure to the customers is of crucial importance in determining the reasonableness of the restriction." *Id.*

In order to uphold the covenant as written, plaintiff must show that it has a protectable interest in all twenty-four states and the District of Columbia. Plaintiff's motion and the materials incorporated therein fail to establish a protectable interest in customer contacts in this geographic area. While we may enforce a broad agreement in a more restricted geographic area, *R.E. Harrington, Inc. v. Frick,* 428 S.W.2d 945, 951 (Mo.App.1968), plaintiff failed to establish a protectable interest in any part of this geographic area.

In its motion for summary judgment, plaintiff alleged that Schultz's duties included contact with customers and establishing new business. However, the sum-

---

1. Plaintiff argues that these points do not comply with the wherein and why requirements of Rule 84.04(d) and that defendants have thus not preserved these errors for appellate review. We agree that the points are deficient but have elected ex gratia to review the case on the merits.

mary judgment motion does not sufficiently establish the existence of plaintiff's customers in the geographic area sought to be protected. It merely assumes that customers are in these areas. Next, the facts that Schultz had some form of contact with customers while employed with plaintiff and was responsible for establishing new business are not enough to establish, as a matter of law, plaintiff's protectable interest in customer contacts. Rather, plaintiff must show that Schultz had contacts of a kind enabling him to influence customers. Neither Mogil's affidavit nor the request for admissions submitted by plaintiff in support of its summary judgment motion provide evidence as to the quality, frequency, or duration of Schultz's customer contacts in California or any other state covered by the covenant. Without such facts we cannot determine whether Schultz had sufficient contacts with plaintiff's customers to justify the competitive restriction.

█ In its brief plaintiff attempts to supplement the evidence included in its motion for summary judgment with citations to Schultz's testimony at the hearing on plaintiff's request for preliminary injunction and to Schultz's May, 1995 affidavit. In these materials Schultz admitted that plaintiff had between one hundred and two hundred customers in California and also admitted contacting a small number of these customers to solicit business for PRS. This evidence was not identified in plaintiff's motion for summary judgment and is not properly before the court. Rule 74.04(c)(1) provides:

> Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of genuine issue as to such facts....

█ The plain purpose of the particularity requirement of this rule is to inform the opposing party, the trial court, and the reviewing court of the specific basis for the movant's claim. *Morrissey v. Florissant Valley Fire Protection Dist.*, 914 S.W.2d 70, 72 (Mo.App.1996). This section of the rule, which became effective on January 1, 1994,

enhances the former particularity requirement. *Miller v. Ernst & Young*, 892 S.W.2d 387, 388 n. 2 (Mo.App.1995). It makes mandatory a case law directive under the former particularity requirement which advised a party who relied on testimony or documents in its summary judgment motion to specifically direct the court to the exact testimony or part of the document that is relied upon. *Fuhrer v. Sheahan*, 857 S.W.2d 439, 440 (Mo.App.1993); *Miller v. River Hills Development*, 831 S.W.2d 756, 757 (Mo.App.1992). In both *Fuhrer* and *Miller* we did not allow unreferenced materials to be included in the record on appeal.

Even if these materials had been properly set out and referenced in the summary judgment motion, they do not contain sufficient additional facts which would demonstrate plaintiff's protectable interests in customer contacts in any geographic area.

Because plaintiff failed to establish a protectable interest in customer contacts in any geographic area covered by the covenant, we must reverse and remand. However, in their argument defendants have also attacked the enforceability of the covenant on two other grounds. Because these issues may arise with respect to any subsequent motion for summary judgment or other proceeding, we will briefly address them in this opinion.

█ Defendants' claim that Schultz received no consideration for signing the covenant has no merit. An employee's continuance in employment with employer, where there is no obligation to remain, and an employer's continuance of employment, where continuance is not required, supplies adequate consideration for a noncompetition agreement. *Reed, Roberts Associates, Inc. v. Bailenson*, 537 S.W.2d 238, 241 (Mo.App. 1976). Further, defendants' claim that the business is not sufficiently specialized is not an issue on the question of protectability of customer contacts. Specialization is a circumstance courts may consider in determining the reasonableness of the time or place restraint. *See R.E. Harrington*, 428 S.W.2d at 950.

Because of plaintiff's failure to show a protectable interest in customer contacts in

any geographic area, we find that the trial court erred in granting plaintiff's motion for summary judgment. The judgment of the trial court is reversed and the case remanded for further proceedings.

RHODES RUSSELL and JAMES R. DOWD, JJ. concur.