**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**THE WINDSOR GROUP, INC., and Windsor Insurance Company, Respondents.**

No. ED 74939.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1999.

Nelson L. Mitten, St. Louis, for appellant.

Kenneth A. Slavens, St. Louis, for respondent.

CLIFFORD H. AHRENS, Judge.

The plaintiff, General Motors Acceptance Corporation ("GMAC"), appeals from the trial court's judgment granting the defendants', The Windsor Group, Inc. and Windsor Insurance Co. (collectively "Windsor"), motion to dismiss GMAC's declaratory judgment action, or in the alternative, their motion for judgment on the pleadings. GMAC contends that the trial court's judgment was in error because its petition alleged facts sufficient to warrant a declaration of its rights under the relevant insurance policy. Windsor counters that GMAC lacks standing to bring the declaratory judgment action and that its petition was deficient as a matter of law because it failed to demonstrate a justiciable controversy between the parties or that GMAC has a legally protectable interest at stake. We reverse and remand.

Viewed in the light most favorable to the plaintiff, the petition alleges that in July of 1996, Roger Roderick ("Roderick") purchased a 1996 Chevrolet Corvette.[1] GMAC and Roderick entered into an agreement under which GMAC would provide financing for the automobile. The financing plan required Roderick to purchase a property damage insurance policy for the automobile and name GMAC as the loss payee under the policy.

On or about August 21, 1996, Roderick obtained property damage insurance from Windsor. GMAC was named as the loss payee. The policy became effective August 21, 1996. On August 25, 1996, the automobile was involved in an accident and sustained serious damage. Roderick made a claim against Windsor under the policy. Windsor denied coverage on the grounds that the policy was null and void as a result of fraudulent misrepresentations by Roderick in his application for insurance.[2] On or about February 12, 1997, GMAC also made demand on Windsor for monies due and owing GMAC as the loss payee. Windsor again refused to pay.

GMAC brought a declaratory judgment action against Windsor and Roderick for a determination of its rights to proceeds under the policies as loss payee.[3] Windsor filed a motion to dismiss for failure to state a claim on grounds that GMAC lacked standing to bring the action. Alternatively, Windsor filed a motion for judgment on the pleadings claiming that, as a matter of law, GMAC is not entitled to recover under the policy because such policy was void *ab initio* as a result of the insured's fraudulent conduct.[4] The trial court entered

---

1. Leonard Roderick, a co-purchaser of the vehicle, and Liberty Mutual Insurance Co. were also named as defendants.

2. Windsor alleged that, subsequent to the issuance of the policy, it discovered that Roderick had failed to disclose several traffic violations.

3. In GMAC's first amended petition, it also asserted a breach of contract claim against Roger and Leonard Roderick. The trial court entered a default judgment against Roger Ro-

derick on the contract claim. It also dismissed GMAC's claim against Leonard Roderick and Liberty Mutual Insurance Co. without prejudice. These portions of the judgment are not before us on appeal, however.

4. Windsor also filed a cross-claim for declaratory judgment against the Rodericks alleging that the policy was null and void because Roger Roderick had made fraudulent misrepresentations on his application for insurance. The trial court entered a default judgment thereon.

judgment in favor of Windsor. GMAC filed this appeal.

■ We first review the trial court's dismissal of GMAC's petition for lack of standing. Standing to bring a declaratory judgment action requires the plaintiff to have a legally protectable interest at stake. *Battlefield Fire Protection Dist. v. City of Springfield*, 941 S.W.2d 491, 492 (Mo. banc 1997). A legally protectable interest means "a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, either immediate or prospective." *American Economy Ins. Co. v. Ledbetter*, 903 S.W.2d 272, 274 (Mo.App.1995) (citation omitted). In contract actions, a party has a legally protectable interest at stake if it has a right to enforce the contract as a party thereto or as a third party beneficiary. *Farmers Ins. Co., Inc. v. Miller*, 926 S.W.2d 104, 107 (Mo.App.1996).[5] Windsor argues that GMAC cannot enforce the policy as a party thereto or as a third party beneficiary. We agree with the former contention but disagree with the latter.

■ The loss payable (or mortgage) clause in the insurance policy at issue is commonly referred to as an open clause.[6] Under an open clause, the loss payee's rights, as against the insured, are dependent upon the acts or omissions of the insurer. *Central Bank of Lake of the Ozarks v. First Marine Ins. Co.*, 975 S.W.2d 222, 226 (Mo.App.1998). In other words, the loss payee's rights will be defeated by a breach of the terms of the policy by the insured prior to the loss. If the policy is rendered void as to the insured, it is void as to the loss payee as well. *Id.*

■ This is in contrast to a union or standard loss payable clause. A union clause differs from an open clause in that it operates as an independent contract of insurance between the loss payee and the insurer. The effect of this independent contract is to ensure that, in the event of loss, the policy will be paid to the loss payee notwithstanding the fraudulent acts or omissions of the insured. *Id.* Conversely, there is no privity of contract between the loss payee and the insurer under an open clause. The loss payee is not a party to the policy but is merely an appointee to receive the proceeds in the event of loss. *Id.* Therefore, GMAC has no standing to seek a declaration of its rights to proceeds under the relevant policy as a party thereto.

■ On the other hand, a third party beneficiary is one who is not privy to a contract or its consideration but who may nonetheless maintain a cause of action for breach of contract. *Andes v. Albano*, 853 S.W.2d 936, 942 (Mo. banc 1993). A third party beneficiary can sue to enforce a contract if its terms clearly express an intent to benefit that party; mere incidental beneficiaries cannot enforce a contract. *Peters v. Employers Mutual Cas. Co.*, 853 S.W.2d 300, 301 (Mo. banc 1993). As loss payee under the relevant insurance policy, GMAC was designated to receive the proceeds in the event of damage to the insured vehicle. Accordingly, we find a clearly expressed intent to benefit GMAC under the policy. The right to have the policy proceeds paid to the secured party as loss payee "as its interest may appear" constitutes an interest which entitles the secured party to maintain a suit for the

---

**5.** It is well-established in Missouri that an insurance policy is simply a contract, to which principles of contract law apply. *See, e.g., Frisella v. Reserve Life Ins. Co. of Dallas*, 583 S.W.2d 728, 733 (Mo.App.1979).

**6.** The policy provides in relevant part: "LOSS PAYABLE CLAUSE – PART D ONLY. Loss or damage under this policy shall be paid, as interests may appear, to you [the insured] and the loss payee shown in the Declarations unless invalidated by your [the insured's] fraudulent acts or omissions. We shall not be responsible to the loss payee, however, for any loss which would not be payable to you [the insured] or any other insured...." The term "as interests may appear" denotes this clause as an open loss clause. *See Central Bank of Lake of the Ozarks v. First Marine Ins. Co.*, 975 S.W.2d 222, 226 (Mo.App.1998).

loss. *See Swihart v. Missouri Farmers Mut. Tornado, Cyclone & Windstorm Ins. Co.,* 234 Mo.App. 998, 138 S.W.2d 9, 13 (1940) (in open mortgage clause cases, "either [insured or loss payee] or both of the parties have such an interest as entitles them to maintain a suit for the loss.").[7] GMAC therefore has standing as a third party beneficiary to bring a declaratory judgment action to determine its rights under such policy.

We now turn to the trial court's grant of Windsor's alternative motion for judgment on the pleadings. The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well-pleaded facts in the opposing party's pleadings. *Angelo v. City of Hazelwood,* 810 S.W.2d 706, 707 (Mo. App.1991). The position of the moving party is that, assuming the facts pleaded by the opposing party are true, such facts are nevertheless insufficient for that party to prevail as a matter of law. *Id.* Therefore, a judgment on the pleadings should be sustained only if, *from the face of the pleadings,* the moving party is entitled to judgment as a matter of law. *Id.* (emphasis added).

Facts alleged in a petition for declaratory judgment must show three things: (1) a justiciable controversy between the parties; (2) the petitioner has a legally protectable interest at stake; and (3) the question posed is appropriate and ripe for judicial resolution. *Farmers Ins. Co., Inc. v. Miller,* 926 S.W.2d 104, 106 (Mo.App.1996). Windsor argues on appeal that there is neither a justiciable controversy between the parties nor a legally protectable interest of GMAC's at stake. As we have already determined that GMAC has a legally protectable interest at stake in the underlying action, we address only whether a justiciable controversy exists between GMAC and Windsor.

To show that a justiciable controversy exists, GMAC's petition must allege facts from which it has present legal rights against Windsor to which it may be entitled to some consequential relief, immediate or prospective. *Farmers Ins. Co.,* 926 S.W.2d at 106–07. GMAC's first amended petition contains the following relevant allegations: (1) GMAC was named loss payee under an property insurance policy; (2) the insured property was subsequently irreparably damaged; (3) GMAC made a demand on Windsor for monies due and owing GMAC as loss payee under the policy; and (4) Windsor has refused to pay such monies to GMAC as loss payee. These allegations adequately demonstrate a basis for potential relief. Any contention that the relevant policy is void because of the alleged fraudulent acts of the insured is beyond the four corners of GMAC's petition. Looking solely at GMAC's petition, we cannot say that Windsor is entitled to judgment as a matter of law.[8] Accordingly, the trial court erred in entering judgment on the pleadings.

We reverse and remand for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, P.J., concurs.

LAWRENCE E. MOONEY, J., concurs.

**7.** *See also Klamen v. American Auto. Ins. Co.,* 492 S.W.2d 390, 391 (Mo.App.1973) (in standard mortgage clause cases, "[t]he rule that a mortgagee has a right to sue in his own behalf on an insurance policy issued to his mortgagor when the mortgagee's interest appears therein is well-established in Missouri"); *see generally* 20B Appleman, Insurance Law and Practice section 11749 (1980).

**8.** We express no opinion on the merits of the issue of whether the insured breached the contract of insurance, which would likely defeat GMAC's rights as loss payee. We simply hold that GMAC's petition for declaratory judgment sufficiently stated a cause of action to withstand a motion for judgment on the pleadings.