WASHINGTON COUNTY MEMORIAL
HOSPITAL, Plaintiff/Respondent,

v.

Janet SIDEBOTTOM,
Defendant/Appellant.

No. ED 75301.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 23, 1999.

Mark T. Keaney, Law Offices of Lewis Rice & Fingersh, St. Louis, for Respondent.

Michael Wayne Silvey, Fredericktown, for Appellant.

SULLIVAN, Judge.

Janet Sidebottom ("Appellant") appeals from a Permanent Injunction and Final Judgment and Order granting Respondent Washington County Memorial Hospital ("Respondent") specific enforcement of a non-competition clause contained in Appellant's employment agreement. Appellant argues that the circuit court erred by enforcing the non-competition clause because: (1) there was no threat of significant patient loss to Respondent from Appellant's employment in the non-compete region because Respondent is located in a medically underserved area and Appellant had agreed not to treat any of Respondent's patients; and (2) Respondent had breached Appellant's employment agreement prior to Appellant's resignation by unilaterally amending the agreement without review or negotiation. We affirm.[1]

Respondent employed Appellant as a nurse practitioner from October 1993 through April 1998. Respondent is a not-for-profit hospital located in a medically underserved area, an area where the ratio of patients to physicians is abnormally high.

Prior to beginning her employment, Appellant entered into an employment agreement with Respondent. The agreement included a non-competition clause providing in part that Appellant "... during the term of [the] Agreement and for a period of one (1) year after the termination of her

---

1. The Court recognizes that the injunction term for the non-competition clause has expired. However, the appeal is not moot due to Appellant's claim on the injunction bond.

employment with [Respondent]... will not, anywhere within a fifty (50) mile radius of [Respondent], directly or indirectly engage in the practice of nursing... without the express direction or consent of [Respondent]."

In February 1994, Appellant acknowledged the existence of this clause when she requested Respondent's permission to work for the Washington County Health Department doing pre-natal nursing care. Because Respondent was not then doing pre-natal care, Respondent gave her permission to accept that employment, but reserved the ability to withdraw the permission if the services Appellant was providing later came to be provided by Respondent.

In January 1996, Appellant and Respondent entered into a second employment agreement that continued the parties' employment relationship through January 9, 1998. This agreement included a non-competition clause identical to the 1993 employment agreement. It also provided for automatic renewal for an additional two years, unless written termination notice was given by either party no less than ninety days prior to the expiration of the agreement.

The 1996 employment agreement also provided for compensation adjustments as follows:

"By each anniversary of this Agreement, compensation shall be reviewed by the parties hereto. The parties hereto agree to negotiate in good faith to adjust said compensation consistent with hospital policy."

Prior to the anniversary date of the 1996 employment agreement, Appellant had some informal discussions regarding her compensation adjustment with Respondent's Administrator, William Schwarten ("Schwarten"). These discussions were interrupted by Schwarten's death in October 1997. Subsequently, an administrative committee, headed by Donald Litton ("Litton"), was appointed to operate the hospital. No further discussions between Appellant and Respondent regarding Appellant's compensation adjustment occurred until January 1998.

On January 15, 1998, Appellant's paycheck reflected a three percent salary increase. Around that same time, Appellant contacted Litton to indicate her desire to meet and to discuss her compensation adjustment. Litton met with Appellant on January 22. At that meeting, Litton provided Appellant with a written amendment to her employment contract that included a three percent salary increase. He told her that three percent was the maximum raise that could be given to her under Respondent's current policy of a three percent salary increase cap for all salaried employees. Appellant explained to Litton why she thought three percent was an unfair raise for her. Nonetheless, Appellant signed the amendment on January 30, 1998.

On March 11, 1998, Appellant gave Respondent written notice of her resignation effective April 15. On April 16, 1998, Appellant began working as a nurse practitioner with Dr. David Mullen ("Mullen"), at his office in St. Francois County. The office is within fifty miles from Respondent. Appellant ceased working with Mullen on May 11, 1998, due to a temporary restraining order issued by the Circuit Court of Washington County. The court granted a preliminary injunction on June 1. On October 16, 1998, the court entered a Permanent Injunction and Final Judgment and Order prohibiting Appellant from practicing nursing within a fifty mile radius of Respondent for a period of one year from April 15, 1998.

■ This Court will affirm an injunction unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *44 Plaza, Inc. v. Gray–Pac Land Co.*, 845 S.W.2d 576, 578 (Mo.App. E.D. 1992). In reviewing a court-tried case, we accept the evidence and inferences favorable to the prevailing party and disregard

all contrary evidence. *Mullenix–St. Charles Properties, L.P. v. City of St. Charles,* 983 S.W.2d 550, 555 (Mo.App. E.D.1998). Because the circuit judge is in a superior position to assess credibility, deference is given to the circuit court's findings of fact, however, an independent evaluation of conclusions of law is made. *Id.*

■ Appellant's point one on appeal contends that the circuit court erred by enforcing the non-competition clause contained in Appellant's employment agreement because there was no threat of significant patient loss to Respondent from Appellant's employment in the non-compete region because Respondent is located in a medically underserved area and Appellant had agreed not to treat any of Respondent's patients.

■ Generally, because a covenant not to compete is considered to be a restraint on trade, specific enforcement of such a covenant requires the covenant to be reasonable. *Easy Returns Midwest, Inc. v. Schultz,* 964 S.W.2d 450, 453 (Mo. App. E.D.1998). The burden of demonstrating the covenant's validity is on the party seeking to enforce it. *Id.* First, the covenant must be reasonable in scope as to geography and time. *Id.* Appellant does not debate this aspect of the non-competition clause in her employment agreement. Second, the covenant must be reasonably necessary to protect certain narrowly defined and well-recognized employer interests. *Id.*

■ Respondent's interest lies in protecting its patient base, as income from patient billings constitutes its primary source of revenue. A patient base is a protectable interest under covenants not to compete. *See Ballesteros v. Johnson,* 812 S.W.2d 217, 222–223 (Mo.App. E.D.1991). Further, the specific enforcement of Appellant's non-competition clause is reasonably necessary to protect Respondent's interest. Actual damage need not be proven to enforce a covenant not to compete.

*Ashland Oil, Inc. v. Tucker,* 768 S.W.2d 595, 601 (Mo.App. E.D.1989). Rather, the employee's opportunity to influence customers justifies enforcement of the covenant. *Id.* Thus, the quality, frequency, and duration of an employee's exposure to an employer's customers are crucial in determining the covenant's reasonableness. *Easy Returns Midwest, Inc.,* 964 S.W.2d at 453.

Appellant had the opportunity to influence Respondent's patients. Prior to her employment with Respondent, Appellant had never worked in Washington County nor did she have a patient base there. Appellant helped to establish two rural health care clinics for Respondent, one of which she managed for her first year of employment. During her almost five years of employment with Respondent, Appellant saw over 3000 patients. Pursuant to a collaborative practice agreement with a physician, Appellant treated patients, diagnosed illnesses and injuries, prescribed and dispensed medications (excluding narcotics), and ordered and interpreted laboratory tests. Appellant got to know the patients and families to whom she provided these services. At the clinic, she had her own phone number, receptionist, appointment book, medical assistant, patient charts, lab, and examination rooms. Her offices were physically separated from the other medical practitioner at the clinic. Further, during her employment, Respondent promoted Appellant as a nurse practitioner in the community by paying for advertisements with her picture and phone number in the newspaper. In general, Appellant had a good rapport with her patients, and she had patients who requested her for medical services.

Additionally, in the approximate one month period that Appellant worked with Mullen, she actually saw at least six of Respondent's patients. Respondent also received three requests for medical record transfers to Mullen's office, and four of Respondent's patients voiced displeasure with the termination of Appellant's employment. Thus, although Respondent is located in a medically underserved area,

its patient base was affected nonetheless by Appellant's violation of the non-competition clause.

Further, although there may be no case law dealing with the enforcement of a covenant not to compete against a nurse practitioner, covenants not to compete are enforceable against physicians. *See, e.g., Willman v. Beheler,* 499 S.W.2d 770 (Mo. 1973); *Long v. Huffman,* 557 S.W.2d 911 (Mo.App.1977). Appellant, as a nurse practitioner, performed many of the medical services traditionally performed by a family practice physician. This role gave Appellant the opportunity to influence Respondent's patients. Thus, the physician cases provide support for the enforcement of a covenant not to compete against a nurse practitioner.

 The cases also support the reasonableness of prohibiting Appellant from engaging "in the practice of nursing" as opposed to only work as a nurse practitioner. In both *Willman* and *Long,* the covenants not to compete were held to be reasonable although they prohibited the employee from "the practice of medicine." *Willman,* 499 S.W.2d at 773; *Long,* 557 S.W.2d at 913. This Court will determine the reasonableness of Appellant's non-competition clause "in the light of the situation presented and not on the basis of some extreme nonexistent hypothetical situation." *Willman,* 499 S.W.2d at 777. Appellant's violation of the non-competition clause occurred because of her work as a nurse practitioner, not because of work as a nurse in general.

Moreover, the reasonableness of the non-competition clause is unaffected by Appellant's offer to refrain from treating any patients treated by her during her employment with Respondent during the term of the non-competition clause. By the time Appellant made this offer, her violation of the clause already had occurred. Appellant already had treated some of Respondent's patients. Her opportunity to influence Respondent's patients already had occurred. In fact, prior to leaving Respondent, Appellant told several patients where she was going. Additionally, Appellant testified at the preliminary injunction hearing that were it not for the temporary restraining order, she would have continued to work with Mullen and to see any patient that had an appointment.

The non-competition clause in Appellant's employment agreement was clear and unambiguous. Appellant was aware of the clause. Appellant obtained legal advice before signing her original employment agreement and before resigning. Respondent notified Appellant before her last day that the non-competition clause would be enforced.

The circuit court's finding that the non-competition clause was reasonably necessary to protect the legitimate interests of Respondent is not against the weight of the evidence. This Court will set aside a judgment as against the weight of the evidence only with a firm belief that the judgment is wrong. *Mullenix–St.Charles Properties, L.P.,* 983 S.W.2d at 555. Point one is denied.

Appellant's point two on appeal contends that the circuit court erred by enforcing the non-competition clause contained in Appellant's employment agreement because Respondent had breached Appellant's employment agreement prior to Appellant's resignation by unilaterally amending the agreement without review or negotiation.

 An employer that has materially breached an employment agreement before an employee has violated a covenant not to compete may not enforce the covenant. *Luketich v. Goedecke, Wood & Co., Inc.,* 835 S.W.2d 504, 507 (Mo.App. E.D.1992). The question of whether an employer has materially breached an employment agreement is largely a question of fact for the circuit court. *Id.* This Court defers to the circuit court even if the evidence could support a different conclusion. *Gal v. Gal,* 937 S.W.2d 391, 392 (Mo.App. E.D.1997).

 Appellant's employment agreement did not require a unilateral obligation

of Respondent to initiate compensation adjustment discussion with Appellant. Rather, the agreement simply required both parties to review Appellant's compensation by each anniversary of the agreement. Negotiation in good faith to adjust Appellant's compensation also was required. However, this negotiation was limited to being "consistent with hospital policy." At the time of Appellant's compensation adjustment, hospital policy included a three percent cap on salary increases. Unless Appellant wished to receive a lower raise, negotiation was unnecessary. In good faith, Respondent provided Appellant with the best possible compensation adjustment under hospital policy at the earliest possible time. Further, although Respondent may have made the adjustment prior to discussing it with Appellant, Appellant ratified the adjustment by signing the amendment to her employment agreement on January 30.

The circuit court's finding that Respondent did not breach Appellant's employment agreement is not against the weight of the evidence. This Court will set aside a judgment as against the weight of the evidence only with a firm belief that the judgment is wrong. *Mullenix–St.Charles Properties, L.P.*, 983 S.W.2d at 555. Point two is denied.

The circuit court did not err in enforcing the non-competition clause contained in Appellant's employment agreement. The judgment of the circuit court is affirmed.[2] Costs of this appeal, including the costs of renewing the injunction bond while this appeal was pending, are assessed against Appellant.

AHRENS, J. and RHODES RUSSELL, C.J., concur.

---

2. Respondent's Renewed Motion to Strike Portions of Appellant's Second Reply Brief is granted.