Lee M. ARMSTRONG,
M.D., Respondent,

v.

CAPE GIRARDEAU PHYSICIAN
ASSOCIATES, Appellant.

No. ED 78583.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 2001.

David M. Remley, Rice, Spath, Heisserer, Summers & Remley, L.C., Cape Girardeau, MO, for appellants.

Stephen C. Wilson, Wilson & Heisserer, L.C., Cape Girardeau, MO, for respondent.

JAMES R. DOWD, Judge.

Defendant Cape Girardeau Physician Associates appeals the trial court's grant

of Dr. Lee Armstrong's motion for judgment on the pleadings in his suit for declaratory judgment. We reverse and remand.

Dr. Armstrong and Physician Associates entered into an employment agreement on May 3, 1999. In the contract Armstrong agreed to provide medical services to patients on behalf of Physician Associates beginning on June 1, 1999 for a term of one year, ending on May 31, 2000. The first year was labeled the "Initial Term" and the contract provided for automatic renewal of one year terms unless notice was given no less than 90 days prior to the end of a term. The contract also included a covenant not to compete, which reads:

> during the term of Physician's employment and for three (3) years thereafter, with CGPA[1] hereunder ("the restrictive period"), Physician shall not, directly or indirectly:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> perform or contract to perform professional medical services of the type performed by Physician in connection with Physician's employment by CGPA, nor be associated with, or have a financial interest in, either directly or indirectly, in ... any other organization which performs or contracts to perform medical services at any location within the City of Cape Girardeau, Missouri or within a radius of 60 miles thereof ... prior to or during the Restrictive Period;

On June 1, 2000, Armstrong delivered a resignation letter to Physician Associates's stating that he was giving 90 days notice and his last day would be on August 31, 2000. On that same day, Armstrong entered into an agreement to begin working as a pediatric hospitalist on September 1, 2000, providing inpatient care for South-

east Missouri Hospital and St. Francis Medical Center in Cape Girardeau.

On June 2, 2000, Physician Associates informed Armstrong, in writing, that his notice was insufficient because it was not given ninety days prior to the expiration of the Initial Term and that his proposed work for the area hospitals would be in breach of the covenant not to compete. In that same letter Physician Associates informed Armstrong that if he did not cure his breach within thirty days that Physician Associates would seek both injunctive relief and damages.

On June 12, 2000 Armstrong filed his petition for declaratory judgment in the Circuit Court of Cape Girardeau County asking the court to declare that neither the termination nor the proposed employment violated his contract with Physician's Associates. Armstrong pleaded that he gave at least 90 days notice of his intention to terminate his employment and that the employment for which he contracted with the hospitals "is of a limited and specific nature, and does not constitute competition with" Physician Associates. Specifically, Armstrong pleaded that his work for Physician Associates was "at defendant's place of business" and that he "provided a continuity of care primarily as an outpatient practice with the specialty of pediatric medicine." He pleaded that his proposed work for the two hospitals would be as a "pediatric hospitalist ... providing in-patient care ... to hospitalized patients with no local doctor available for their care." He attached to his petition the employment agreement, his letter of resignation and Physician Associates's letter threatening legal action.

On July 6, 2000, Physician Associates filed its answer with the court, arguing that Armstrong failed to give proper notice

---

1. The contract refers to Cape Girardeau Physician Associates by its initials: CGPA.

and that his proposed employment would be in violation of the covenant not to compete. Physician Associates pleaded that while he was under its employ Armstrong "provided a variety of medical services and medical practice to patients both in the hospital and in the office, as well as for 'no local call' patients referred by the hospital ... [and] worked in the hospital setting as an on-call pediatrician ..."

On September 12, 2000, the court held a pre-trial conference and advised the parties that evidence would not be required for the court's ruling. Armstrong moved orally for a judgment on the pleadings, claiming a right to judgment as a matter of law. Over the objection of Physician Associates, the court granted the motion and entered judgment on September 15, 2000, declaring:

1. The court hereby finds and declares that the contract of employment at issue in this cause is as a matter of law and based upon the facts involved overly broad and unenforceable with respect to the covenant against competition set forth in Paragraph 9, and said contract does not prohibit Plaintiff's employment as a pediatric hospitalist by Southeast Missouri Hospital and St. Francis Medical Center.

2. The court hereby finds and declares that the contract of employment at issue in this cause is as a matter of law vague and ambiguous with regard to the time at which the plaintiff/employee may give 90 days notice of termination of employment without cause, and therefore, said contract provisions will be construed in favor of the employee, and against the employer who drafted the contract.

This appeal followed.

In its only point on appeal, Physician Associates argues that the trial court mis-applied the law in finding the covenant not to compete between Armstrong and Physician Associates overly broad and unenforceable.

■ The court in *Angelo v. City of Hazelwood*, 810 S.W.2d 706, 707 (Mo.App. 1991) set forth the standard of review entitling a party to a judgment on the pleadings:

The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law.

■ When reviewing a judgment on the pleadings for a defendant, we accept as true all facts alleged in the plaintiff's petition. *Main v. Skaggs Community Hosp.*, 812 S.W.2d 185, 186 (Mo.App. S.D.1991). Conversely, when reviewing a judgment on the pleadings for the plaintiff, we look to the defendant's answer. The pleadings are liberally construed and all alleged facts are accepted as true and construed in a light most favorable to the pleader. *Behrenhausen v. All About Travel, Inc.*, 967 S.W.2d 213, 216 (Mo.App. W.D.1998). Here the relevant pleader of facts is the non-movant Physician Associates.

■ A motion for judgment on the pleadings should not be sustained where a material issue of fact exists. *Angelo*, 810 S.W.2d at 707. In other words, a judgment on the pleadings will be affirmed "only where under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced."

*McIntosh v. Foulke*, 360 Mo. 481, 228 S.W.2d 757, 761 (1950).

■ Because a motion for judgment on the pleadings should be sustained only if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law, our analysis begins with the pleadings. *State ex rel Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 134 (Mo. 2000). The employment agreement, attached to the pleadings, is "a part thereof for all purposes." Rule 55.12. That agreement states, essentially, that Armstrong will not perform medical services of the type he performed at Physician Associates at any location within the City of Cape Girardeau, Missouri or within a radius of 60 miles thereof for a period of three years after leaving Physician Associates. The trial court found the covenant not to compete overly broad as a matter of law. Because this is a question of law we review the trial court's ruling de novo.

■ Generally, because covenants not to compete are considered restraints on trade, they are presumptively void and are enforceable only to the extent that they are demonstratively reasonable. *Orchard Container Corp. v. Orchard*, 601 S.W.2d 299, 303 (Mo.App. E.D.1980). We have held that a permissible purpose of a non-compete agreement is to protect an employer from unfair competition by a former employee without imposing unreasonable restraint on the latter. *Continental Research Corp. v. Scholz*, 595 S.W.2d 396, 400 (Mo.App. E.D.1980). An employer may only seek to protect certain narrowly defined and well-recognized interests, namely its trade secrets and its stock in customers. *Easy Returns Midwest, Inc. v. Schultz*, 964 S.W.2d 450, 453 (Mo.App. E.D.1998). The enforcing party must also show that the agreement is reasonable in scope, both as to place and as to time. *Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 74 (Mo.1985). The burden of demonstrating the covenant's validity is on the party seeking to enforce it. *Continental Research Corp.*, 595 S.W.2d at 400.

■ Looking only to the contract and pleadings, we cannot find that the covenant not to compete here is overly broad and unenforceable as a matter of law. Missouri has no *per se* rule against enforcing covenants not to compete between medical practitioners. *Willman v. Beheler*, 499 S.W.2d 770, 775 (Mo.1973). Missouri courts have enforced physician and health care provider covenants not to compete similar to the one between Physician Associates and Armstrong. In *Willman*, the Missouri Supreme Court found that a five-year restriction within a twenty-mile radius of the corporate limits of the city of St. Joseph, Missouri, was a reasonable restraint. *Id.* at 773, 777. In *Long v. Huffman*, 557 S.W.2d 911, 915 (Mo.App. W.D. 1977), the court found that a covenant not to compete for five years within a radius of 60 miles of the City of Butler was reasonable, given that it did not impose a restriction greater than that necessary to protect Dr. Long's private practice.

In *Washington County Memorial Hosp. v. Sidebottom*, 7 S.W.3d 542, 543–44 (Mo. App. E.D.1999), the court enforced a covenant not to compete between a nurse practitioner and a hospital that prevented the nurse practitioner from engaging in the practice of nursing within a fifty-mile radius for one-year following termination. In that case the court found the covenant not to compete contained in Sidebottom's employment contract to be both reasonable and necessary to protect the hospital's interest in "its patient base, as income from patient billings constitutes its primary source of revenue" *Id.* at 545.

Finally, in *Silvers, Asher, Sher, & McLaren, M.D.s Neurology, P .C. v. Bat-*

*chu*, 16 S.W.3d 340, 343 (Mo.App. W.D. 2000), the court upheld a covenant not to compete, which stated that the doctor would not "perform any medical services or engage in the practice of neurology" within seventy-five miles of employer's office, for a period of twenty-four months, beginning with the date of termination.

When applying the limited scope of review allowed in examining a motion for judgment on the pleadings we cannot say, as a matter of law, that the 60 mile, three-year restriction, is overly broad. In order to determine whether the covenant in this case is too broad it must first be determined whether the restrictions protect narrowly defined and well-recognized interests in Physician Associates's trade secrets and customer base. This cannot be done when the factual allegations upon which these conclusions rest are contested. *Easy Returns Midwest, Inc.*, 964 S.W.2d at 453. It must be determined whether the place and time restrictions are reasonable, given the particular business interests and patients Physician Associates serves. *Osage Glass, Inc.*, 693 S.W.2d at 74. While the burden of demonstrating the covenant's validity is on the party seeking to enforce it, at the pleading stage Physician Associates carries only the burden of denying facts that would otherwise demonstrate the covenant's invalidity. *Angelo*, 810 S.W.2d at 707.

In ruling on Armstrong's motion for judgment on the pleadings the court presumes all facts pleaded by Physician Associates to be true. In its answer, Physician Associates controverts a number of factual allegations in Armstrong's petition. In paragraph six of his petition, Armstrong states that he "provided a continuity of care primarily as an outpatient practice within the specialty of pediatric medicine." Physician Associates denies this and pleads that Armstrong "provided a variety of medical services and medical practice to patients both in the hospital and in the office, as well as for 'no local call' patients referred by the hospital ... [and that Armstrong] also worked in the hospital setting as an on-call pediatrician ..." In paragraph ten of Armstrong's petition, he alleges that the employment he has contracted for "is of a limited and specific nature, and does not constitute competition with the defendant." Physician Associates denies this.

Interpreting Physician Associates's pleadings liberally, and taking all of Physician Associates denials as true, there are clear factual disputes in this case that cannot be resolved by entering judgment on the pleadings. *Angelo*, 810 S.W.2d at 707.

We reverse and remand for proceedings not inconsistent with this opinion.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., Concur.