

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00284-CV

———————————————————

SYDNEY RAYM F/K/A SYDNEY DETHLOFF, Appellant

V.

TUPELO MANAGEMENT, LLC, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2020150

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Pro se appellant Sydney Raym f/k/a Sydney Dethloff appeals the trial court's August 14, 2020 order, which granted a temporary injunction in favor of appellee Tupelo Management, LLC. Because Raym challenged an appealable interlocutory order, this appeal is accelerated. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4); Tex. R. App. P. 28.1(a); *Collins Motor Co. v. FirstCapital Bank of Tex., N.A.*, No. 02-20-00192-CV, 2020 WL 5047510, at \*1 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) (mem. op.). The 20-day deadline for the notice of appeal was therefore September 3, 2020, but Raym did not file her notice of appeal until September 4, 2020, making it untimely. *See* Tex. R. App. P. 26.1(b).

On September 17, 2020, we notified Raym of our concern that we lacked jurisdiction because the notice of appeal was untimely. We warned that we could dismiss this appeal unless she or any party desiring to continue the appeal filed a response by September 28, 2020, showing a reasonable explanation for filing the notice of appeal late. *See* Tex. R. App. P. 42.3(a).

On October 23, 2020, Raym filed a letter in this court in which she discussed the many problems that she had experienced during the case. The focus of this appeal is whether, through her letter, she offered a reasonable explanation for her untimely appeal.

A timely-filed notice of appeal confers jurisdiction on this court, and absent a timely-filed notice of appeal, we must dismiss the appeal. *Howlett v. Tarrant Cty.*, 301

2

S.W.3d 840, 843 (Tex. App.—Fort Worth 2009, pet. denied) (op. on reh'g); *see* Tex. R. App. P. 25.1(b). The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline, the party files in the trial court the notice of appeal and files in the appellate court a motion complying with Rule 10.5(b). Tex. R. App. P. 26.3. A motion for extension of time is implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within Rule 26.3's fifteen-day grace period for filing a motion for extension of time. *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam). If the notice of appeal is filed within the fifteen-day grace period, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.* The question, then, is whether Raym offered a reasonable explanation, which is any plausible statement of circumstances indicating that her failure to file within the specified period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *See Houser v. McElveen*, 243 S.W.3d 646, 647 (Tex. 2008) (per curiam).

In her October 23 letter, Raym expressed frustration at several perceived problems within her case, but none of these problems tended to excuse the untimeliness of her appeal:

- She argued that Tupelo was "greedy" and "bully[ing]" and that it had fraudulently prosecuted the present lawsuit, though she did not explain how those traits or her opponent's fraud might be linked to the filing of her notice of appeal.

3

- She asserted that the trial court clerk was refusing to invoice her for the clerk's record and that she had had inadequate time to obtain that record, though she again left unexplained how these assertions had any bearing on the timeliness of her appeal.

- She maintained that the lawsuit had "almost ruined [her] life," though she offered no connection between that unfortunate circumstance and her inability to meet her obligations in the appeals process.

- Finally, she contended that the trial court and opposing counsel were not abiding by this court's previous opinion, *Raym v. Tupelo Mgmt., LLC*, No. 02-19-00477-CV, 2020 WL 3865273, at *8 (Tex. App.—Fort Worth July 9, 2020, no pet.) (mem. op.), though she did not specify how the opinion was being defied, and we fail to see how the content of that opinion would impair her compliance with appellate deadlines.

None of these circumstances justified her delay in appealing. She did not, for example, "indicate an unawareness of the deadline for filing a notice of appeal, a misunderstanding of applicable appellate rules, . . . a miscommunication between counsel and clients," or any other grounds that are commonly found to show excusable mistake. *See Amegy Bank of Tex., N.A. v. Titan Servs., LLC*, No. 2-09-420-CV, 2010 WL 87095, at *1 (Tex. App.—Fort Worth Jan. 7, 2010, no pet.) (per curiam) (mem. op.).

"The law is well settled that a party proceeding pro se must comply with all applicable procedural rules and is held to the same standards as a licensed attorney." *Rahman v. Discover Bank*, No. 02-19-00182-CV, 2020 WL 2202450, at *2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (per curiam) (mem. op.) (cleaned up). Because Raym's notice of appeal was untimely and she did not provide a reasonable explanation, we dismiss her appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 42.3(a), 43.2(f); *In re J.D.*, No. 02-19-00258-CV, 2019 WL 3955177, at *1 (Tex. App.—Fort Worth Aug. 22, 2019, no pet.) (mem. op.).

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: November 25, 2020

---

[1]In her letter to this court, Raym also requested more time to obtain the clerk's record or an order compelling the trial court clerk to invoice her for the clerk's record. We construed these requests as a motion and carried that motion with the case. We now deny the motion.