Dixie BANNING and Wendall Banning, Plaintiffs-Respondents,

v.

William D. WEBB and Robert L. Oswald, Defendants-Appellants.

No. WD 31844.

Missouri Court of Appeals, Western District.

Oct. 20, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 24, 1981.

James H. Horn, D. Bruce Keplinger, Blackwell, Sanders, Matheney, Weary &
Lombardi, Kansas City, for defendants-appellants.

Patrick E. White, Kansas City, for plaintiffs-respondents.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Wendall and Dixie Banning brought suit against William D. Webb and Robert L. Oswald for injuries and damages sustained as a result of a collision between their automobile and a cow owned by Webb and Oswald. The accident occurred in Kansas, and the parties agreed the substantive law of Kansas applied. The jury, under Kansas comparative negligence law, found Wendall Banning to be 50% negligent and Webb and Oswald to be 50% negligent. The jury awarded damages of $50,000 to Dixie [1] and because they found Wendall 50% negligent, they did not award him any damages.

Wendall and Dixie filed a motion for a new trial and the court sustained the same because it was of the view Instruction Three was erroneous.

On this appeal Webb and Oswald contend the instruction was not erroneous. Reversed.

The accident occurred in November, 1975, at 10:00 P.M., in Johnson County, Kansas. Wendall was driving the Banning automobile with Dixie as a passenger when the automobile and a cow came in contact. The court gave instructions under the comparative negligence law of Kansas in which the term "negligence" was defined. The jury was advised that it was necessary to determine the percentage of fault of the parties as well as the amount of damages sustained by any party claiming damages. The instruction told the jury that any party would be entitled to recover damages if his fault was less than 50% of the total fault of all parties, but would not be entitled to recover if his fault were 50% or more.

The next instruction given was Instruction Three in which the jury was advised

---

1. The court allowed credit for amounts previously paid to Dixie and entered judgment in the amount of $3,947.18.

that standards of ordinary care impose certain duties upon those persons using the streets and highways. The instruction told the jury that a driver on a public highway must keep his vehicle under such control as to enable him to stop or turn aside within the range of vision provided by the headlights of his automobile to avoid colliding with other vehicles on the highway. The instruction further told the jury it is the duty of a driver to keep a proper lookout for other vehicles and objects in his line of vision which may affect his use of the highway.

The court found that it erred in giving Instruction Three because "no instruction submitting the specific issue of plaintiff Wendall Banning's contributory negligence and fault was either tendered to or given by the court, as is required under the laws of both Missouri and Kansas in order that a jury may lawfully find such negligence and fault on a party's part." The court concluded that by reason of the failure to give a contributory negligence instruction, the giving of Instruction Three was confusing, misleading and erroneous.

In *Meridith v. Missouri Pacific Railroad Company*, 467 S.W.2d 79, 82[1–3] (Mo.1971) the court held that in a case tried under Kansas law in this State, the form of an instruction is a procedural matter governed by the law of Missouri. The corollary of this rule is that Kansas law applies to the substantive law of the case. The observations made by the trial court that it erred in giving Instruction Three because it failed to give any instruction submitting Wendall's contributory negligence, as required under the laws of Missouri and Kansas, is inaccurate. Kansas abolished contributory negligence on July 1, 1974, with the enactment of K.S.A. 60–258a. Thus, there was no contributory negligence instruction to be given. For that reason the basis for the granting of the new trial is not a correct statement of Kansas law.

In considering the conclusion drawn by the trial court that the instruction was confusing, misleading and erroneous, it is well to bear in mind that instructions are considered as a whole and as being given to reasonably intelligent jurors. *McGowan v. Hoffman*, 609 S.W.2d 160, 164[3] (Mo.App. 1980). In considering the instructions as a whole, there is no reason to believe that they were confusing, misleading or erroneous. The fact that the jury understood its duty is made clear by the result which it reached. It correctly followed the instruction and assigned the percentage of fault to each party and assessed the damages for Dixie for whom they found no percentage of fault. It correctly refused to award damages to Wendall upon finding that he was 50% negligent.

Furthermore, there was no MAI instruction by which the negligence of Wendall was to be submitted under Kansas comparative negligence law. In the absence of an MAI instruction, Rule 70.02(e) requires such instruction to be simple, brief, impartial, free from argument and to refrain from submitting to the jury or requiring findings of detail and evidentiary facts. The instruction in question did not violate that rule.

The judgment granting a new trial to Wendall and Dixie Banning is reversed.

All concur.