**Billy Don STITES and Sherry L. Stites, Respondents,**

v.

**Randy C. RAY, Appellant.**

**No. 56415.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 31, 1989.

---

David J. Kueter, Steelville, for appellant.

Sidney T. Pearson III, St. James, for respondents.

GARY M. GAERTNER, Presiding Judge.

In this appeal, Randy C. Ray, appellant, seeks to overturn a jury verdict entered against him and in favor of respondents, Billy D. Stites and Sherry L. Stites, in the amount of fifteen thousand dollars ($15,-000.00). Appellant's sole claim of error is that respondents' petition failed to state a claim upon which relief could be granted. We find respondents' petition sufficient and affirm the verdict.

On or about April 21, 1985, appellant took Brian Stites, the respondents' son, for a ride in his car. While driving on a parking lot in a recreational area, appellant apparently lost control of his car causing the car to turn over onto its right side. Brian was pinned underneath the car and later died as a result of this accident.

Respondents filed this action for wrongful death under RSMo section 537.080 (1979) on October 21, 1985, naming Randy

C. Ray as defendant.[1] On November 25, 1985, appellant filed a motion to dismiss for failure to state a cause of action. This motion was overruled by the trial court on July 15, 1988. A jury trial was held on January 17, 1989, and the jury returned that same day with its verdict in favor of respondents.

We note at the outset that Rule 55.05 requires that a claim for relief "shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." In assessing the sufficiency of respondents' petition, we take all well pled averments as true and if these averments and any reasonable inferences drawn from them show any ground for relief, the petition may not be dismissed. *Pillow v. General American Life Insurance Company*, 564 S.W.2d 276, 279 (Mo.App., St.L.Dist. 1978). Where, as here, we are asked to judge a petition after verdict, the petition is given its broadest intendment and it is liberally construed on the side of the pleader. *Schell by Schell v. Keirsey*, 674 S.W.2d 268, 273 (Mo.App., W.D.1984).

Appellant claims that respondents' petition states only conclusions of law and does not properly plead facts which, if true, would make a submissible negligence case. The portion of respondents' petition of which appellant complains reads as follows:

"5. At the time and place aforesaid, Defendant Randy C. Ray negligently, carelessly, willfully, wantonly, and unlawfully operated the automobile and willfully misconducted himself in the operation of the automobile so that the automobile turned onto its right side, throwing Brian Wade Stites out of said automobile and beneath it."

Appellant contends that the terms "carelessly", "willfully", "wantonly", and "unlawfully" are all conclusions of law and, as such, cannot be considered in determining whether the petition is sufficient. While we agree that mere conclusions of the

---

1. Western Casualty and Surety Company was also named as a defendant pursuant to a life insurance contract on Brian. Western Casualty settled with the respondents before trial and is no longer part of this action.

pleader must be disregarded when considering the sufficiency of a petition,[2] appellant too hastily disregards the allegation of negligence which is also a part of respondents' petition.

The term "negligent" is not a conclusory term. Our court has held that a general allegation of negligence predicated on an act by the defendant causing an injury is sufficient to state a cause of action; it is not necessary to state specific facts which show the negligence. *Einhaus v. O. Ames Co.*, 547 S.W.2d 821, 825 (Mo.App., St.L. Dist.1976). Even if, for the sake of argument, we disregard the terms which appellant claims are conclusory, the paragraph in question avers that appellant negligently drove the car in a manner which caused it to turn over, throwing Brian Stites out of the car and beneath it. Thus, the petition alleges that appellant was "negligent" based on his "act" of driving the car. The injury and death to Brian are sufficiently averred elsewhere in respondents' petition.

We lastly point out that the purpose of such a pleading is to isolate the controverted issues and advise the parties and the court of these issues. *Pillows*, 564 S.W.2d at 280. It may have been possible for respondents to have drafted a pleading which was more specific. However, we cannot say that respondents' petition failed to apprise the appellant and the court of the issues they intended to raise, and did raise, at trial. For these reasons, we find that the petition stated a cause of action in negligence and affirm the trial court.

REINHARD and CRIST, JJ., concur.

**2.** See *Tolliver v. Standard Oil Co.*, 431 S.W.2d 159, 162 (Mo.1968); *Albers v. Cardinal Glennon Children's Hospital*, 729 S.W.2d 519, 523 (Mo. App., E.D.1987); *Niemczyk v. Burleson*, 538 S.W.2d 737, 742 (Mo.App., Spfd.Dist.1976).