Lee DILLARD, et al., Plaintiffs,

v.

SHAUGHNESSY, FICKEL AND SCOTT
ARCHITECTS, INC., Structural Engi-
neering Associates, Inc., Appellants,

A.L. Huber and Son, Inc., Respondent.

No. WD 48449.

Missouri Court of Appeals,
Western District.

Oct. 11, 1994.

G. William Quatman, Shughart Thomson &
Kilroy, P.C., Kansas City, for appellant
Shaughnessy, Fickel and Scott Architects,
Inc.

Robert A. Babcock, Baker, Sterchi & Cow-
den, Kansas City, for appellant Structural
Engineering Associates, Inc.

Mark E. Johnson, R. Christopher Abele,
Christopher D. Schneider, Morrison & Heck-
er, Kansas City, for respondent A.L. Huber
and Son, Inc.

Before SMART, P.J., and KENNEDY and
ULRICH, JJ.

ULRICH, Judge.

Shaughnessy, Fickel and Scott Architects,
Inc. (Architects), and Structural Engineering
Associates, Inc. (Engineers), appeal the cir-
cuit court's order dismissing their cross-
claims for contractual indemnity against A.L.
Huber and Son, Inc. (General Contractor).

The issue presented is whether the General Contractor is obligated pursuant to contract to indemnify Engineers and Architects for costs and attorney fees incurred defending against a claim by a masonry worker employed by a subcontractor for personal injury on the job site. Architects and Engineers were awarded summary judgment on all counts filed against them by the employee, and the summary judgment was affirmed on appeal. *Dillard v. Shaughnessy, Fickel and Scott Architects,* 864 S.W.2d 368 (Mo.App. 1993). The order dismissing the cross-claims is reversed and the case is remanded.

Lee Dillard, a masonry worker, was injured[1] at a construction site in Leawood, Kansas, when an improperly braced masonry wall blew over during high winds. The subcontractor was cited by the Occupational Safety and Health Administration (OSHA) for not adequately bracing the masonry walls. The property owner had hired Architects to serve as the project architect. Architects subcontracted the structural engineering services to Engineers.

Mr. Dillard, his wife and dependents sued the General Contractor, Architects and Engineers, the property owner and others in multiple counts in a lawsuit filed in Jackson County, Missouri.[2] Architects and Engineers moved for summary judgment on all counts against them, and their motions were granted. Subsequently, the General Contractor was dismissed as a defendant.

The construction contract between the owner of the project and the General Contractor contained an indemnity clause, article 3.18. Paragraph 3.18.1 required the General Contractor to indemnify Architects and Architects' consultant (Engineers) from claims and expenses, including attorney fees attributable to injury caused in whole or in part by the negligence of the General Contractor or its subcontractors.

After the trial court awarded summary judgment in favor of Architects and Engineers, each filed cross-claims against the General Contractor seeking contractual indemnity for attorney fees incurred in defending the action filed by the Dillards. The General Contractor filed a motion to dismiss the cross-claims contending that the indemnification provision of the contract between General Contractor and the owner of the project did not apply to claims based on Architects' and Engineers' own alleged negligence. The trial court granted the General Contractor's motion to dismiss the cross-claims concluding that the Dillards' petition for damages against Architects and Engineers alleged acts of negligence by them and not the General Contractor. The trial court ruled that indemnification would not be granted for allegations of negligence against Architects and Engineers. Architects and Engineers each filed motions to reconsider. The motions were denied, and both Architects and Engineers appealed.

Architects and Engineers assert two points on appeal. Both points are considered together. As their first point, Architects and Engineers claim that the trial court erred in granting the General Contractor's motion to dismiss because the indemnification clause in the contract between the General Contractor and the owner of the project provides indemnification for claims and expenses incurred in part by the negligence of Architects and Engineers as indemnitees. Architects and Engineers contend further that the indemnification clause provides indemnification on a comparative fault basis "to the extent caused by" the General Contractor or its subcontractors and their employees regardless of whether the claim alleged negligence in part by Architects and Engineers, parties indemnified under the clause. As their second point, they aver that the trial court erred in dismissing the cross-claims on the ground that the plaintiffs' petition alleged the negligence of Architects and Engineers and not the General Contractor.

■ Kansas law is applicable by contract. Pursuant to Kansas law, an indemnification

1. Mr. Dillard was covered by Kansas Workers' Compensation.

2. Architects and Engineers demanded General Contractor indemnify and hold them harmless and requested General Contractor defend or indemnify. General Contractor refused to defend or indemnify.

agreement is construed in accordance with the rules for the construction of contracts, *Bartlett v. Davis Corp.*, 219 Kan. 148, 547 P.2d 800, 807 (1976), and does not indemnify for damages caused by the indemnitee's own negligence unless the agreement specifically states, *Butters v. Consol. Transfer & Warehouse Co.*, 212 Kan. 284, 510 P.2d 1269, 1273 (1973),[3] or the indemnification agreement necessarily indicates it. *Bartlett*, 547 P.2d at 808.

■ Architects and Engineers contend that paragraph 3.18.1 of the contract between the project owner and the General Contractor satisfies Kansas law by specifically and expressly providing for indemnification by the General Contractor even where Architects and its consultant (Engineers) are alleged to have been negligent. The indemnification clause states:

3.18 INDEMNIFICATION

3.18.1 To the fullest extent permitted by law, the Contractor [Huber] shall indemnify and hold harmless the Owner, Architect [SFS], Architect's consultants [SEA], and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense if attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the work itself) including loss of use resulting therefrom, but only to the extent caused in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss of expense is caused in

part by a party indemnified hereunder [e.g. SFS and SEA]. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party or person described in this Paragraph 3.18.

The trial court determined that because the petition for damages alleged negligence separately for each defendant, the Architects and Engineers were defending claims of their own negligence despite Architects and Engineers having been granted summary judgment because they did not owe a duty to Mr. Dillard and therefore were not negligent.[4] The language in Mr. Dillard's petition alleging negligence against each separate defendant was similar for the General Contractor and for the Architects and Engineers.[5]

■ The meaning of the words constituting the indemnification clause and the actual fault of the relative parties are the critical elements when determining whether indemnification applies. Under Kansas law, when construing a written contract, "reasonable rather than unreasonable interpretations are favored.... Results which vitiate the purpose or reduce the terms of the contract to an absurdity should be avoided." *Arnold v. S.J.L. of Kansas Corp.*, 249 Kan. 746, 822 P.2d 64, 67 (1991). The indemnification clause requires the General Contractor to indemnify the Architects and the Architects' consultants (Engineers) for claims or expenses, including attorney fees, *to the extent the injury or death was caused in whole or in part* by the General Contractor or its subcontractors. This requirement was contractually imposed *regardless of whether the claim or expenses were caused in part* by Architects or Engineers.[6] The indemnifica-

---

**3.** See also, *Pilla v. Tom–Boy, Inc.*, 756 S.W.2d 638, 641 (Mo.App.1988) (indicating that an indemnification clause will not be structured to indemnify the indemnitee for its own negligence absent clear and unequivocal expression of the intent to indemnify).

**4.** *See Dillard*, 864 S.W.2d at 372 (establishing that the contract conferred upon the General Contractor the responsibility for job site safety, not the Architects nor the Engineers).

**5.** The allegation of negligence by Architects and Engineers was for failure to require continuous inspections. The allegation of negligence against General Contractor was for failure to provide the required inspections.

**6.** Kansas courts apply rules interpreting and constructing indemnity contracts no differently than they apply them to other types of contracts. *Chetopa State Bancshares, Inc. v. Fox*, 6 Kan.App.2d 326, 628 P.2d 249, 255 (1981). Kansas courts attempt to ascertain the intent of parties to in-

tion clause specifically and unambiguously states that General Contractor will indemnify the Architects and its consultants (Engineers) for that portion of damage caused by General Contractor or its subcontractors regardless of any claimed liability on the part of the Architects or Engineers.

The trial court erred in dismissing the cross-claims. The subcontractor was cited by OSHA for "serious" safety violations because of inadequately braced masonry walls. This citation is indicia that the General Contractor's or its subcontractors' purported negligent acts or omissions may have caused the claim "in whole or in part." Points one and two are granted.

On remand the circuit court will determine whether the negligent acts or omissions of the subcontractors and/or General Contractor were the whole cause of the injuries to Mr. Dillard and hence the reason he filed suit against the Architects and Engineers, or if not the whole cause, the court must decide what portion of fault is to be ascribed to the subcontractors and/or the General Contractor. If the General Contractor's or the subcontractor's negligence is determined to have been the "whole cause" of the accident, General Contractor will reimburse Architects and Engineers for all their reasonable legal expenses including attorney fees incurred defending this matter. If a percentage of fault is ascribed to General Contractor and/or the subcontractor, General Contractor will reimburse that same percentage of the expenses and legal fees to Architects and Engineers.

The trial court's order dismissing Architects' and Engineers' cross-claims for contractual indemnification is reversed, and the case is remanded for proceedings consistent with this opinion.

All concur.

---

demnity contracts just as they do when considering other types of contracts. *Id.* In Kansas, attorney fees are recoverable only if statute provides for them or if the parties intend that they be covered by their expressed intent in contract.

*Id.* 628 P.2d at 256. Thus, Kansas courts uphold contractual indemnity provisions that require the indemnitor to pay the indemnitee's expenses, including attorneys fees, if express contractual language includes such fees. *Id.* at 255–56.