**LONE STAR INDUSTRIES, INC.,**
**Plaintiff/Appellant,**

v.

**HOWELL TRUCKING, INC.,**
**Defendant/Respondent.**

No. ED 86740.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 29, 2006.

Thomas B. Weaver, Cynthia A. Petracek, St. Louis, MO, for appellant.

John G. Enright, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Plaintiff Lone Star Industries filed suit against Howell Trucking seeking a declaratory judgment that an indemnity agreement between them was valid and enforceable, and further seeking indemnity for amounts Lone Star paid to settle an underlying wrongful-death lawsuit. Lone Star now appeals from the circuit court's judgment granting Howell Trucking's motion for judgment on the pleadings. Because the allegations of Lone Star's petition are sufficient and a judgment different from that pronounced could be rendered, we reverse the judgment and remand the cause.

### Factual Background

Carl Howell was killed at Lone Star's quarry in Cape Girardeau in February of 1997 when, allegedly, a slab of rock fell from a high wall area and hit the excavator in which he was working. Vicki Howell, Mr. Howell's widow, brought a wrongful-death suit against Lone Star, asserting that her husband's death resulted from Lone Star's negligence.

Lone Star and Mrs. Howell settled. The parties entered into a release and settlement agreement in December of 2001, in which Mrs. Howell agreed to release Lone Star and to dismiss her lawsuit with prejudice in consideration of a cash payment. Mrs. Howell and Lone Star agreed that this agreement was not an admission of liability, which Lone Star expressly denied. The parties further acknowledged that Lone Star reserved its right to prosecute an action for declaratory judgment and indemnity against Howell Trucking.

After settling the case with Mrs. Howell, Lone Star filed an action for declaratory judgment and indemnity against Howell Trucking.[1] Lone Star sought indemnity

---

1. Lone Star had previously sent Howell Trucking a letter, dated April 6, 2000, in which Lone Star demanded that Howell Trucking indemnify Lone Star pursuant to the parties' purchase-order agreement with respect to the wrongful-death lawsuit of Mrs. Howell. Howell Trucking refused to provide indemnification, contending the agreement did not explicitly provide that Howell Truck-

under a written agreement between Lone Star and Howell Trucking from June of 1996. In its petition Lone Star alleged:

> [o]n June 30, 1996, [Lone Star] and [Howell Trucking] entered into a written agreement under the terms of which, [Howell Trucking], in consideration of payment by [Lone Star], agreed in relevant part to assume the defense of, and to indemnify and hold [Lone Star] harmless from, any claim, liability, loss, damage, judgment or expense made or recovered against [Lone Star] by reason of the death to [Howell Trucking's] employees, arising out of or in any way relating to the negligence of [Howell Trucking] or its employees.

Lone Star further posited negligence on the part of Howell Trucking, specifically pleading:

> [t]he injuries to Carl D. Howell, Jr., were caused in whole or part by the negligent acts or omissions of the employees of [Howell Trucking], including but not limited to [Howell Trucking's] employee Carl D. Howell, Jr.

Lone Star's petition denied its own conduct was negligent or in any way caused or contributed to cause Mr. Howell's demise. Lone Star also noted that its settlement with Mrs. Howell did not, by specific provision of their agreement, admit any liability on its part. Lone Star sought a declaration that the written agreement between Lone Star and Howell Trucking was enforceable and valid, and sought indemnity from Howell Trucking pursuant to the agreement for the entire settlement amount, as well as any costs, fees, and expenses attendant to Lone Star's defense of Mrs. Howell's wrongful-death lawsuit.

Howell Trucking answered, denying many of Lone Star's allegations and setting forth numerous "defenses." Among these, Howell Trucking asserted that the indemnity count of Lone Star's petition failed to state a claim upon which relief could be granted. As another defense, Howell Trucking asseverated that it was Lone Star's own negligence that caused its damages and that Howell Trucking was not obligated to indemnify Lone Star for Lone Star's negligence.[2]

---

ing would indemnify Lone Star for Lone Star's own negligence.

2. Under Missouri law, the right to indemnity may be limited if one seeks indemnity for one's own negligence. "Parties are generally free to contract as they wish, and courts will enforce contracts according to their plain meaning, unless induced by fraud, duress, or undue influence." *Utility Service and Maintenance, Inc. v. Noranda Aluminum, Inc.*, 163 S.W.3d 910, 913 (Mo. banc 2005). "As a general proposition, however, contractual provisions releasing a party from liability for its own negligent acts must be stated clearly, unequivocally, and conspicuously." *Id.* "General, broad, and all-inclusive language has been held insufficient to release a party from its own negligence." *Id., citing Kansas City Power & Light Co.*, 351 S.W.2d 741, 745 (Mo.1961) and *Economy Forms Corp. v. J.S. Alberici Const. Co., Inc.*, 53 S.W.3d 552, 554–55 (Mo.App.2000). However, courts have drawn a distinction between contracts with consumers and contracts between businesses of equal power and sophistication. *See Noranda*, 163 S.W.3d at 913. For instance, where the parties are contracting for the performance of technical and dangerous work, and where both parties are sophisticated commercial entities, the requirement that clauses providing indemnity for one's own negligence remains, but the indemnity provision is not required to be set apart from the other contractual provisions or be labeled as an indemnity provision. *Noranda*, 163 S.W.3d at 914–5; *see also, Purcell Tire & Rubber Co., Inc. v. Exec. Beechcraft, Inc.*, 59 S.W.3d 505 (Mo. banc 2001). (holding that although limitations of liability for one's own negligence must be clear, unambiguous, unmistakable, and conspicuous, sophisticated businesses that negotiate at arm's length may limit liability without specifically mentioning 'negligence,' 'fault,' or an equivalent).

Howell Trucking then filed a motion for judgment on the pleadings, again asserting that Lone Star was not entitled to obtain indemnification for its own negligence. Howell Trucking contended that because there was no allegation in the underlying wrongful-death action that Howell Trucking or any of its employees contributed to cause Mr. Howell's death, the negligence of Howell Trucking was never an issue in the wrongful-death action. Instead, it maintained, the underlying wrongful-death case was merely a claim against Lone Star for Lone Star's own negligence. Howell Trucking thus argued this necessarily meant that Lone Star was currently seeking indemnity from Howell Trucking for Lone Star's own negligence. Based on this premise, Howell Trucking maintained that it could not be required to indemnify Lone Star for its own negligence because the indemnity provision in the agreement under which Lone Star sought indemnification was neither conspicuous nor explicit in providing that Lone Star could be so indemnified.

Without any findings or written opinion, the circuit court sustained Howell Trucking's motion for judgment on the pleadings, and entered judgment in favor of Howell Trucking on Lone Star's petition for indemnity and declaratory judgment. Lone Star now appeals.

### Discussion

As an initial matter, Howell Trucking, on appeal, challenges the sufficiency of certain factual allegations contained in Lone Star's petition, and thus maintains that Lone Star's petition fails to state a claim upon which relief could be granted. We note that Howell Trucking does not contend that it previously challenged the sufficiency of Lone Star's pleadings in the circuit court. It is true that a general allegation that the indemnity count of Lone Star's petition failed to state a claim upon which relief could be granted was embedded in Howell Trucking's answer, by way of a defense. That proposition was phrased in the most general terms, asserting only that the indemnity count of Lone Star's petition "fails to state a claim upon which relief can be granted." Howell Trucking did not specify the defects of which it now complains. Moreover, the circuit court was never presented with an opportunity to rule on Howell Trucking's "defense." From the record before us, it does not appear that Howell Trucking ever filed a motion for a more definite statement, or a motion to dismiss for failure to state facts sufficient to constitute a claim upon which relief could be granted. Nor does it appear that Howell Trucking ever set the matter for hearing, or otherwise brought the matter to the circuit court's attention for its ruling. Rather, the first serious assignment and challenge to the sufficiency of the petition is brought on appeal.

■ Howell Trucking complains that the allegations in Lone Star's petition are insufficiently specific. Particularly, Howell Trucking demurs that Lone Star failed to sufficiently allege the existence of an indemnity agreement because it did not attach the indemnity provision of the contract as an exhibit to its petition. Howell Trucking also protests that Lone Star did not particularly plead that Mr. Howell was, at the time of his fatal injury, laboring within the scope of the work described in the purchase order. And, Howell Trucking further complains that Lone Star failed to set forth particular facts supporting its allegation that Howell Trucking was negligent. Thus, Howell Trucking maintains that Lone Star's negligence allegations are entirely conclusory. As we noted, however, Howell Trucking neglected to raise its complaints before the circuit court by a

motion for a more definite statement. Thus it has waived any complaint regarding the mere lack of specificity in the petition. *In the Interest of D.W.P.,* 110 S.W.3d 863, 865 (Mo.App. E.D.2003); *see also, State ex rel. Harvey v. Wells,* 955 S.W.2d 546, 547 (Mo. banc 1997).

■■■ Howell Trucking is correct in its assertion, however, that the failure to state a claim upon which relief may be granted is a jurisdictional defect, and that such defense can be raised at any time, including upon appeal. Rule 55.27(g); *City of Sullivan v. Truckstop Restaurants, Inc.,* 142 S.W.3d 181, 191 (Mo.App. E.D.2004). However, when a challenge to a pleading for failure to state a claim is brought for the first time on appeal, the pleading will be more liberally construed than if the challenge was made via a motion to dismiss. *Weidner v. Anderson,* 174 S.W.3d 672, 681 (Mo.App. S.D.2005). The purpose of pleadings is to present, define, and isolate the issues, so that the trial court and all parties have notice of the issues. *Norman v. Wright,* 100 S.W.3d 783, 786 (Mo. banc 2003). When an attack on the sufficiency of a petition is made for the first time on appeal, the pleading will be held good unless it wholly fails to state a claim. *Sumpter v. J.E. Sieben Const. Co.,* 492 S.W.2d 150, 153 (Mo.App.1973). In this determination, the petition will be given its fullest intendment as a claim for relief. *Id.*

■■■ Examined in light of these principles, we conclude that Lone Star's petition is sufficient. Lone Star's petition specifically recites that it is an indemnity cause of action against Howell Trucking to recover amounts Lone Star paid to settle and defend Mrs. Howell's wrongful-death action. Lone Star explicitly pleaded that it was entitled to indemnity based on the indemnity provisions of an agreement between Lone Star and Howell Trucking, under which Howell Trucking agreed to "assume the defense of, and to indemnify and hold [Lone Star] harmless from, any claim, liability, loss, damage, judgment or expense made or recovered against [Lone Star] by reason of the death to [Howell Trucking's] employees, arising out of or in any way relating to the negligence of [Howell Trucking] or its employees." Lone Star's pleading of the indemnity agreement is thus pleaded according to legal effect as permitted by Rule 55.22.[3] The petition by clear implication alleges that the work being done by Mr. Howell was pursuant to an agreement between Lone Star and Howell Trucking. Lone Star specifically pleaded that Mr. Howell died at Lone Star's quarry from a rock fall while operating an excavator. And Lone Star further averred that Mr. Howell's death was caused in whole or part by the negligent acts or omissions of Howell Trucking's employees, including Mr. Howell. This general averment of negligence is sufficient against an attack made for the first time on appeal. A "general allegation of negligence predicated on an act by the defendant causing an injury is sufficient to state a cause of action; it is not necessary to state specific facts which show the negligence." *Stites v. Ray,* 781 S.W.2d 165, 167 (Mo.App. E.D.1989). We can readily induce from the record that Howell Trucking understood Lone Star's claim. However imperfectly Lone Star may have pleaded, we are unable to conclude that Howell Trucking was misled or surprised. Therefore, we adjudge that Lone Star's petition

3. Rule 55.22 provides as follows:
   When a claim or defense is founded upon a written instrument, the same may be pleaded according to legal effect, or may be recited at length in the pleading, or a copy may be attached to the pleading as an exhibit.

is sufficient to advise Howell Trucking with reasonable certainty of the cause of action it was called upon to meet.

Now let us turn to the related issue of the trial court's entry of judgment on the pleadings. On appeal from the trial court's grant of a motion for judgment on the pleadings, this Court reviews the allegations of the petition to determine whether the facts pleaded therein are insufficient as a matter of law. *Craig v. Missouri Department of Health*, 80 S.W.3d 457, 459 (Mo. banc 2002). The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *Id.* "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss; i.e. assuming the facts pleaded by the opposite party to be true, these facts are, nevertheless, insufficient as a matter of law." *State ex rel Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 134 (Mo. banc 2000). The trial court properly grants a motion for judgment on the pleadings if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Craig*, 80 S.W.3d at 459. "When reviewing a judgment on the pleadings for a defendant, we accept as true all facts alleged in the plaintiff's petition." *Armstrong v. Cape Girardeau Physician Associates*, 49 S.W.3d 821, 824 (Mo.App. E.D.2001). "A judgment on the pleadings will be affirmed 'only where under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced.'" *Armstrong*, 49 S.W.3d at 824 *quoting McIntosh v. Foulke*, 360 Mo. 481, 228 S.W.2d 757, 761 (1950).

The circuit court granted Howell Trucking's motion for judgment on the pleadings without findings or written opinion. As with a motion to dismiss, we presume, therefore, the court entered judgment based on the grounds stated in Howell Trucking's motion. *See Dodson v. City of Wentzville*, 133 S.W.3d 528, 533 (Mo.App. E.D.2004). Here, Howell Trucking sought judgment on the pleadings because Lone Star was not entitled to indemnification for its own negligence.

But, contrary to Howell Trucking's argument, Lone Star is not seeking indemnification for its own negligence. Howell Trucking erroneously deduces that because Vicki Howell's wrongful-death petition did not allege negligence by Howell Trucking, but rather negligence by Lone Star, that ipso facto the underlying case has been determined to be a claim for only Lone Star's negligence. From this faulty premise, Howell Trucking incorrectly concludes that Lone Star is seeking indemnity for its own negligence. However, this reasoning is beset by at least three critical flaws.

First, simply because Mrs. Howell posited only Lone Star's negligence in the underlying wrongful-death suit does not necessarily mean that only Lone Star was negligent. Certainly others, not named defendants by the plaintiff, might also be at fault. Put another way, Howell Trucking argues that Lone Star cannot seek indemnification because Mrs. Howell did not allege negligence by Howell Trucking. But Lone Star's contractual right to seek indemnity is not dependent on the plaintiff's choice of allegations in the underlying lawsuit. It is, rather, dependent on the terms of indemnity agreement, which provides indemnity for damages and expenses paid by Lone Star for Carl Howell's loss of life "arising out of or in any way relating to the negligence of [Howell Trucking] or its employees." It is well-settled that a defendant, such as Lone Star, may bring a third-party claim against parties that the plaintiff has chosen not to

sue. *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 474 (Mo. banc 1978). An indemnity claim is separate and distinct from the tort claim asserted by the plaintiff against the defendant and may be brought as either a third-party claim or a separate suit *State ex rel. General Elec. Co. v. Gaertner*, 666 S.W.2d 764, 767 (Mo. banc 1984). Here, Lone Star alleged, and sought to prove, that Howell Trucking's negligence caused, in whole or in part, the fatal injuries to Mr. Howell, and that Lone Star had a contractual right to indemnity for the amounts it paid to settle Mrs. Howell's claim. Lone Star's contractual right to seek indemnity is not subject to restriction by the plaintiff's choice of defendants in the underlying lawsuit.

Second, the bare pleadings of Mrs. Howell's wrongful-death petition do not cause us to conclude that even Lone Star was negligent. These are merely the unproven allegations of a petition. Lone Star has always denied, and continues to deny, that its conduct was negligent or in any way caused or contributed to cause the death of Mr. Howell. The settlement agreement particularly disclaimed Lone Star's negligence. Further, Lone Star explicitly disavowed any negligence in its petition for indemnity. Without either an admission or finding of negligence on Lone Star's part, we fail to fathom how one could fairly conclude that Lone Star is seeking indemnification for its own negligence.

Third, Lone Star's indemnity action clearly alleged that Mr. Howell's injuries were caused, in whole or part, by the negligent acts or omissions of Howell Trucking's employees. More importantly, Lone Star also denied any negligence on its own part. For purposes of its motion for judgment on the pleadings, Howell Trucking admitted these facts. Under these conceded facts, Mr. Howell's injuries were caused, at least in part, by the negligence of Howell Trucking, and not at all by any negligence of Lone Star.

Thus, it can hardly be concluded that Lone Star was seeking indemnity for its own negligence. Yet, Howell Trucking sought judgment on the pleadings on precisely those grounds. And the trial court presumably entered its judgment on account of that counterfactual conclusion. Because a judgment different from that pronounced could be rendered, the circuit court's entry of judgment on the pleadings was erroneous.

The judgment is reversed and the cause remanded to the trial court.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.