

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| INSURANCE PROFESSIONALS, INC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD86593** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **December 24, 2024** |
| PROGRESSIVE CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Buchanan County, Missouri
The Honorable Daniel F. Kellogg, Judge**

**Before Division Two:** Thomas N. Chapman, Presiding Judge,
Karen King Mitchell and W. Douglas Thomson, Judges

Insurance Professionals, Inc. (IPI), appeals from the dismissal for failure to state a claim of its petition against Progressive Casualty Insurance Company based on contractual indemnity. IPI raises two points on appeal, both claiming trial court error in granting the motion to dismiss. First, IPI argues that the trial court misapplied the law regarding the availability of causes of action for contractual indemnity, and, second, IPI argues that its petition adequately alleged all necessary elements for a cause of action based on contractual indemnity. Finding no error, we affirm.

IPI, an insurance broker, entered into a Producer's Agreement with Progressive, an insurance provider, to allow IPI to provide insurance agreements to its clients underwritten by Progressive.  The agreement contained the following indemnification provision:

> **Article X.  Indemnification**
> A. [Progressive] will indemnify, defend, and hold [IPI] harmless for and from all liabilities, losses, damages, judgments, actions, and expenses, including reasonable attorneys' fees (collectively, "Losses"), that [IPI] sustain[s] due to [Progressive's] negligence, any wrongful acts, errors or omissions on [Progressive's] part, or [Progressive's] failure to comply with the provisions of [the Producer's Agreement] or [Progressive's] Underwriting Requirements.  This indemnification shall include, without limitation, any Losses that [IPI] sustain[s] due to [Progressive's] use of consumer credit information if [IPI] ha[s] complied with [Progressive's] procedures for use or ordering of the same.  [IPI] agree[s] to immediately notify [Progressive] when [IPI] learn[s] of or receive[s] any claim that [IPI] feel[s] is covered under this Article.  [Progressive] shall have the right to participate, at [Progressive's] expense, in the investigation and defense of any such claim, and may, at [Progressive's] option, assume full defense of any action filed.  If [Progressive] assume[s] the defense, [Progressive] will not be liable to [IPI] for any cost of litigation, including, without limitation, court costs and attorneys' fees, that [IPI] incur[s] subsequent to [Progressive's] decision to assume defense of any such action.
> B. [IPI] will indemnify, defend and hold [Progressive] harmless for and from all Losses that [Progressive] sustain[s] due to [IPI's] negligence, any wrongful acts, errors or omissions on [IPI's] part, or [IPI's] failure to comply with the provisions of [the Producer's Agreement] or [Progressive's] Underwriting Requirements.  [Progressive] agree[s] to immediately notify [IPI] when [Progressive] learn[s] of or receive[s] any claim that [Progressive] feel[s] is covered under this Article.  [IPI]

---

[1] When reviewing the grant of a motion to dismiss a petition for failure to state a claim, we "accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Forester v. May*, 671 S.W.3d 383, 386 (Mo. banc 2023) (quoting *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. banc 2019)).

shall have the right to participate, at [IPI's] expense, in the investigation and defense of any such claim.

Thereafter, EMRE Transportation, LLC, retained IPI to procure commercial motor vehicle insurance for its trucking business. IPI secured two policies from Progressive on EMRE's behalf, but Progressive failed to file required forms with the Federal Motor Carrier Safety Administration (FMCSA) to certify EMRE's insurance coverage.[2]

On August 26, 2020, EMRE sued Progressive based on Progressive's failure to file the required documents. On July 9, 2021, EMRE filed an amended petition, adding IPI as a defendant, alleging a single count of negligent failure to procure insurance. EMRE and Progressive entered a settlement agreement, resolving EMRE's claims of negligence against Progressive.

On December 15, 2021, IPI sent a demand for indemnity and defense to Progressive for EMRE's lawsuit, claiming that "any alleged damages sustained by EMRE Transportation w[ere] caused by the negligence, wrongful acts, and errors or omissions of Progressive in erroneously changing EMRE Transportation's business address to reflect the wrong state and failing to submit the certification of insurance with the Federal Motor Carrier Safety Administration." Progressive refused IPI's demand on the ground that EMRE's claim against IPI did not fall within the indemnification provision of the Producer's Agreement because the "Second Amended Petition makes it clear that . . . the actions and inactions of IPI caused it to incur damages, separately from the allegations

---

[2] Progressive filed an answer to IPI's original petition in which it denied this allegation, but, given our standard of review, we accept this allegation as true for purposes of this appeal.

against Progressive." Progressive maintained that, under the Producer's Agreement, "Progressive has no obligation to indemnify or defend IPI against claims based upon IPI's own negligence," and it identified the allegations of EMRE's petition reflecting IPI's own acts of negligence:

- fail[ure] to use reasonable skill and care in confirming the insurance application and policy contained the correct information;

- fail[ure] to reasonably and timely respond to communications from Progressive regarding its inability to certify [EMRE's] insurance coverage due to the address discrepancy; and

- fail[ure] to reasonably and timely notify [EMRE] of the inability to certify its insurance coverage with the FMCSA.

Progressive noted that EMRE had already "released any claim it had based upon the alleged negligence of Progressive through the settlement, leaving only allegations of IPI's negligence in the case."

On April 20, 2022, IPI renewed its demand for indemnity and defense, noting that, through the course of discovery in EMRE's lawsuit, IPI received phone call recordings where Progressive acknowledged fault for "fail[ing] to file the required paperwork with the Federal Motor Carrier Safety Administration." IPI maintained that, "[g]iven Progressive's admission of fault and the relevant provision in the Producer's Agreement," Progressive owed IPI duties to both indemnify and defend in EMRE's lawsuit.

Progressive again rejected IPI's demand, noting that the recordings obtained during discovery did not change the analysis:

4

[EMRE] asserted two claims of negligence in the lawsuit: one claim against Progressive, and one claim against the IPI Defendants. The single claim against Progressive has been fully and finally settled. As such, none of the allegations of negligence against Progressive remain in the case. Regardless of any additional facts that the IPI Defendants might develop in the case, [EMRE] has released any and all claims arising from Progressive's alleged negligence. [EMRE] cannot assert the alleged negligence of Progressive as a basis for its claims in this suit, leaving only the alleged negligence of the IPI Defendants at issue.

Progressive reiterated that the Producer's Agreement entitled IPI to indemnification and a defense only "if the losses sustained by [EMRE] resulted solely from Progressive's negligence." Progressive noted that, "[n]ot only has the issue of any alleged negligence by Progressive been resolved, but [EMRE's] remaining allegations are clearly directed to the separate and independent acts or omissions of the IPI Defendants. As such, the IPI Defendants are not entitled to a defense or indemnity for those allegations."

EMRE's suit against IPI proceeded to jury trial and resulted in a verdict in favor of IPI on EMRE's sole claim of negligent failure to procure insurance. Five months later, IPI filed suit against Progressive, alleging that Progressive "breached the Producer's Agreement when it failed—not once but twice—to accept IPI's tender of defense and demand for indemnity even though the failure to submit proof of insurance with the FMCSA was the direct result of Progressive's own negligence, errors, and omissions." IPI alleged that, "[a]s a direct result of Progressive's breach of the Producer's Agreement and its own negligence, errors, and omissions, IPI has incurred expenses, including costs and attorneys' fees, in the amount of $138,580.17 in defending against the claim made by EMRE."

Progressive filed a motion to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. Progressive argued that IPI "failed to allege facts that Progressive failed to perform a duty imposed by the Producer's Agreement." Progressive claimed that IPI's petition failed to allege facts establishing that Progressive owed IPI a duty to defend IPI against EMRE's lawsuit insofar as nothing in the Producer's Agreement required Progressive to defend IPI against losses resulting from IPI's own negligence.

The trial court heard arguments on Progressive's motion to dismiss and thereafter granted the motion without any findings of fact or conclusions of law.[3] IPI filed a motion to vacate the dismissal, which the trial court denied after hearing arguments, again without findings of fact or conclusions of law. IPI appeals.

---

[3] Though Progressive requested that the dismissal be with prejudice, the judgment is silent on this issue. Rule 67.03 indicates that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." (All rule references are to the Missouri Supreme Court Rules (2024) unless otherwise noted.) Because, generally speaking, "a dismissal without prejudice does not yield a final, appealable judgment," *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016), we requested the parties submit supplemental briefing on the issue of our jurisdiction.

In their supplemental briefing, the parties agreed that, because IPI elected not to plead further, the dismissal here is a final judgment, even though it is without prejudice. "[W]here the trial court dismisses a petition without prejudice for failure to state a claim, and the plaintiff elects to stand on the dismissed petition and not to plead further, then that dismissal effectively bars the plaintiff from re-filing the action in its original form." *Jennings v. SSM Health Care St. Louis*, 355 S.W.3d 526, 531 (Mo. App. E.D. 2011). Thus, we have jurisdiction.

## Standard of Review

We review the grant of a motion to dismiss a petition for failure to state a claim *de novo*. *Avery Contracting, LLC v. Niehaus*, 492 S.W.3d 159, 161-62 (Mo. banc 2016).[4] Because "[a] motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition," we review the petition to discern whether "the plaintiff has alleged facts that meet the elements of a recognized cause of action or of a cause that might be adopted in that case." *Id*. at 162. We assume all facts alleged are true and broadly construe all inferences arising from those facts in favor of the plaintiff. *Id*. "When, as in this case, the circuit court does not specify reasons for dismissing a petition, an appellate court presumes that the circuit court's judgment is based on one of the reasons stated in the motion to dismiss." *Id*. And we will affirm "if any ground supports the motion, regardless of whether the trial court relied on that ground." *Id.*

## Analysis

IPI raises two claims on appeal, both alleging error in the dismissal of its first amended petition. IPI argues that (1) the trial court misapplied the law regarding claims of contractual indemnity and (2) its petition adequately stated every element needed for a valid claim of contractual indemnity. Progressive argues that the trial court properly applied the law insofar as IPI was seeking indemnification for its own acts of negligence, which were not covered by the indemnity provision in the Producer's Agreement and that

---

[4] The parties agree that Kansas law controls the substantive issues and Missouri law controls the procedural ones. The parties also agree that, regarding contractual indemnity, Kansas and Missouri law are essentially the same.

7

IPI failed to alleged any facts supporting its claim that Progressive owed it any duty under the indemnity provision. Because IPI's points are interrelated, we will address them together.

Indemnity is "[a] duty to make good any loss, damage, or liability incurred by another." *W. Sur. Co. v. T&L Zarda Investments, LLC*, 448 P.3d 499, *6 (Kan. Ct. App. 2019) (quoting Black's Law Dictionary 918 (11th ed. 2019)). It "inures to a person who has fulfilled an obligation owed by him but which[,] as between himself and another person[,] should have been discharged by the other." *Loscher v. Hudson*, 182 P.3d 25, 34 (Kan. Ct. App. 2008).

One way in which indemnity arises is through an express contractual provision, such as a hold harmless agreement. *Poindexter v. Morse Chevrolet, Inc.*, 171 P.3d 285, *3 (Kan. Ct. App. 2007). Here, the Producer's Agreement contained an indemnification provision, identified as Article X, laid out above.

Generally, "a contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms." *Johnson v. Bd. of Cnty. Comm'rs of Pratt Cnty.*, 913 P.2d 199, 136 (Kan. 1996) (quoting *Butters v. Consol. Transfer & Warehouse Co., Inc.,* 510 P.2d 1269, 1273 (Kan. 1973)). The parties appear to agree that the Producer's Agreement does not provide indemnification to either party based upon their own acts of negligence. Where their arguments diverge, however, is whether the breach of contract IPI alleged is based upon IPI's own negligence or Progressive's.

8

Progressive argues that IPI failed to allege any facts to support that Progressive had a duty to defend IPI from EMRE's lawsuit insofar as (1) any issues regarding Progressive's negligence had already been resolved by Progressive's prior settlement with EMRE at the time IPI tendered its defense and (2) the only remaining claims of negligence in the lawsuit were based upon IPI's own conduct. IPI argues that "a party may bring a breach of contract action against another for failure to defend and indemnify where the indemnitee (here, [IPI]) is sued for negligence but denies liability and maintains that the damages alleged in the underlying suit were the result of the indemnitor's (here, [Progressive]) own negligence." In making this argument, IPI relies on *Lone Star Industries, Inc. v. Howell Trucking, Inc.*, 199 S.W.3d 900 (Mo. App. E.D. 2006), and *Dillard v. Shaughnessy, Fickel & Scott Architects, Inc.*, 884 S.W.2d 722 (Mo. App. W.D. 1994), as well as the fact that IPI ultimately prevailed against EMRE in the underlying negligence suit. We cannot, however, resolve the question of whether IPI's petition is based on its own or Progressive's negligence because Kansas law required that determination be made in the negligence case itself, which did not happen. Therefore, Kansas law now bars us from granting the relief IPI seeks.

"Kansas follows a 'one-action' rule, which generally requires that, in order to determine the relative fault of various parties, all claims must be presented in a single action." *Hodges v. Walinga USA Inc.*, 532 P.3d 440, 443 (Kan. 2023). This is true, even if one party is claiming the other party is 100% at fault. *See Great Plains Roofing & Sheet Metal, Inc. v. K Bldg. Specialties, Inc.*, 510 P.3d 1172, 1191-92 (Kan. Ct. App. 2022). The one-action rule derives from Kansas's comparative fault law (Kan. Stat. Ann.

9

§ 60-258a).[5] *Phillips v. Phillips*, 404 P.3d 373, *3 (Kan. Ct. App. 2017). "In essence, the rule requires that all defendant tortfeasors be sued in a single action, no matter what the nature of the negligence tort is." *Hodges*, 532 P.3d at 443. "Because the statute contemplates that each party has a right to cross-claim against any or all other parties to a lawsuit, . . . any party who fails to assert a claim against any other party in a comparative negligence action is ***forever barred***." *Id*. at 443 (quoting *Eurich v. Alkire*, 579 P.2d 1207, 1209 (Kan. 1978)) (emphasis added).

---

[5] The statute provides:

> (a) *Effect of contributory negligence*. The contributory negligence of a party in a civil action does not bar that party or its legal representative from recovering damages for negligence resulting in death, personal injury, property damage or economic loss, if that party's negligence was less than the causal negligence of the party or parties against whom a claim is made, but the award of damages to that party must be reduced in proportion to the amount of negligence attributed to that party. If a party claims damages for a decedent's wrongful death, the negligence of the decedent, if any, must be imputed to that party.
> (b) *Special verdicts or findings required*. When the comparative negligence of the parties is an issue, the jury must return special verdicts, or in the absence of a jury, the court must make special findings, determining the percentage of negligence attributable to each party and the total amount of damages sustained by each claimant. The court must determine the appropriate judgment.
> (c) *Joining additional parties*. On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury, property damage or economic loss, any other person whose causal negligence is claimed to have contributed to the death, personal injury, property damage or economic loss, must be joined as an additional party.
> (d) *Apportioning liability*. When the comparative negligence of the parties is an issue and recovery is permitted against more than one party, each party is liable for that portion of the total dollar amount awarded as damages to a claimant in the proportion that the amount of that party's causal negligence bears to the amount of the causal negligence attributed to all parties against whom recovery is permitted.

Kansas's comparative fault law is substantive. *See Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 123 (Mo. App. W.D. 2006) (noting, generally, that "[c]omparative fault is a substantive basis of liability"); *Banning v. Webb*, 625 S.W.2d 187, 188 (Mo. App. W.D. 1981) (discussing Kansas's comparative fault law as substantive).

10

Where a contractual indemnity claim depends upon a finding of the indemnitor's negligence, that determination must be made in the original negligence action and cannot be made in a separate subsequent action. *Great Plains Roofing*, 510 P.3d at 1182. In *Great Plains Roofing*, a construction worker sued Subcontractor #1 in Missouri for negligence after Worker was injured on the job. *Id*. at 1177. Subcontractor #1 then filed a third-party petition in the negligence action against Subcontractor #2, asserting claims for indemnification and contribution. *Id*. Subcontractor #1 later dismissed the third-party petition without explanation. *Id*. at 1179. Subcontractor #1 then settled the negligence suit with Worker. *Id*. While the Missouri case was ongoing, Subcontractor #1 filed a new petition against Subcontractor #2 in Kansas, alleging contractual indemnity. *Id*. The trial court granted summary judgment to Subcontractor #2 on the ground that the indemnification agreement between Subcontractor #1 and Subcontractor #2 was void and unenforceable because it violated Kansas's anti-indemnity statute. *Id*. Subcontractor #1 appealed. *Id*.

The Kansas Court of Appeals agreed with Subcontractor #1 that the indemnification agreement was neither void nor unenforceable, but it affirmed the grant of summary judgment in favor of Subcontractor #2 on an issue neither party raised—that Subcontractor #1 could not prevail on its indemnification action because it was barred by Kansas's one-action rule. *Id*. The court held that, because Subcontractor #2's share of negligence liability was not determined in the original action, Subcontractor #1 could not establish that requisite fact in its separate contractual indemnity claim; and because of the

11

one-action rule, the appellate court could not grant the relief being sought—remand for a determination of Subcontractor #2's proportion of liability. *Id*. at 1182.

This is the same situation in which IPI finds itself. Under Kansas comparative fault law, IPI must establish Progressive's proportion of fault (even if 100%) in order to state a claim for contractual indemnity.[6] "When a contract requires one party to indemnify another for its share of negligence, the underlying tort controls the party's liability. It becomes impossible to determine the extent of the breaching party's contractual liability without also determining its liability in the negligence action." *Id.* at 1187. But either the jury did not make that determination or IPI failed to allege that it did, as there is no allegation in the petition indicating a judicial determination of Progressive's proportion of fault in causing EMRE's damages. Without that information, IPI cannot establish a breach of the duty to defend or that it is entitled to indemnification for its losses because both claims require a determination of Progressive's fault with respect to EMRE's damages. And under Kansas's one-action rule, "[t]he relevant question is

---

[6] IPI could have done this by keeping Progressive in the action via cross-claim under Kansas's comparative fault statute, which allows a defendant to join alleged joint tortfeasors to the plaintiff's cause of action to assert a claim of contractual indemnity. Kan. Stat. Ann. § 60-258a(c); *Great Plains Roofing & Sheet Metal, Inc. v. K Bldg. Specialties, Inc.*, 510 P.3d 1172, 1185-86 (Kan. Ct. App. 2022), *review denied* (Sept. 30, 2022). But if, for some reason, Progressive could not be joined, Kansas law would still have allowed IPI to request that the jury assign a percentage of fault to Progressive for the sake of judicial efficiency. *See Dickerson v. Saint Luke's S. Hosp.*, 346 P.3d 1100, 1109 (2015) ("[T]o promote judicial efficiency[,] courts should compare the fault of nonparties when the evidence requires it."); *see also Gaulden v. Burlington N., Inc.*, 654 P.2d 383, 390 (Kan. 1982) ("We have consistently held that all issues of liability, including the causal negligence or fault of all parties to an occurrence, should be determined in one lawsuit, whether the participants are all formally joined as parties to that lawsuit or not.").

12

whether the fact-finder must compare fault.  If so, fault must be compared in one action."[7]  *Id*. at 1189.

Like IPI, Subcontractor #1 in *Great Plains Roofing* relied on the *Lone Star* case for support,[8] but the court in *Great Plains* rejected its application: "The *Lone Star* court's statement that an indemnity suit for negligence may be brought separately represents a difference between Kansas and Missouri law on comparative negligence."  *Id.* at 1194.

In short, Kansas law requires that we affirm the dismissal of IPI's petition seeking contractual indemnity from Progressive because Progressive's share of liability was never judicially determined in the negligence action below (or, if it was, IPI failed to allege that requisite fact), and Kansas's one-action rule bars remand for that determination now.

Points I and II are denied.

---

[7] That both the underlying negligence case and the contractual indemnity case were brought in Missouri appears to be of no significance.  "Despite the rule arising from a Kansas statute, application of the rule is not limited to Kansas cases."  *Great Plains Roofing & Sheet Metal, Inc. v. K Bldg. Specialties, Inc.*, 510 P.3d 1172, 1190 (Kan. Ct. App. 2022).

[8] In *Lone Star Industries, Inc. v. Howell Trucking, Inc.*, 199 S.W.3d 900, 902 (Mo. App. E.D. 2006), an employee of a trucking company died while working at a quarry, and his widow sued the quarry owner for wrongful death based on the quarry's negligence.  The Eastern District held that the quarry's contractual indemnity claim against the trucking company was not precluded by the absence of other named defendants in the original suit because nothing about their absence affected the quarry's rights under the indemnity provision of the contract, so long as the quarry could prove that the indemnitor's own negligence was the true cause of the plaintiff's damages.  *Id*. at 906-07.  In other words, a court may not consider a party to be seeking indemnification for its own acts of negligence simply by virtue of the party being a named defendant in the underlying suit.  *Id*.

Unlike the petition in *Lone Star* that simply did not address negligence by any entity other than the quarry, EMRE's petition alleged negligence against *both* Progressive and IPI, thus directly making Progressive's negligence an issue in the case.

**Conclusion**

Because IPI's petition failed to state a claim for either indemnification against liability or indemnification against loss by failing to identify Progressive's comparative fault in causing EMRE's damages, the trial court's judgment dismissing the petition is affirmed.

_____
Karen King Mitchell, Judge

Thomas N. Chapman, Presiding Judge, and W. Douglas Thomson, Judge, concur